**ELYRIA TOWNSHIP BOARD OF TRUSTEES, Appellee,**

v.

**KERSTETTER, Appellant.**

[Cite as *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005614.

Decided Nov. 17, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, *Robert Flanagan* and *Gerald A. Innes,* Assistant Prosecuting Attorneys, for appellee.

*Carl Noll,* for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of James L. Kerstetter from portions of the judgment of the Lorain County Court of Common Pleas. Kerstetter appeals those portions vacating that court's prior judgment in his favor and vacating its judgment reinstating him as Fire Chief of Elyria Township and awarding him back pay. We reverse.

On December 10, 1991, the appellee, Elyria Township Board of Trustees ("the township"), removed Kerstetter from his post as township fire chief. On December 17, 1991, Kerstetter appealed that decision to the court of common pleas. Though Kerstetter repeatedly attempted to compel the township to file an official written transcript of the removal proceedings, the township refused to comply. In the course of the following year, the township filed audio tapes of the proceedings, which the court rejected, and attempted to purchase a copy of an unofficial transcript. Finally, on November 17, 1992, the court ordered the township to provide a written transcript from its own audio tapes of the proceedings.

On December 16, 1992, the court granted Kerstetter's third motion for judgment, noting that the township had not filed a written transcript of the removal proceedings. The court ordered the township to reinstate Kerstetter as fire chief and awarded him back pay.

On December 21, 1992, the township moved for relief from the judgment pursuant to Civ.R. 60(B)(1) and 60(B)(5). In its brief in support of its motion, the township renewed the arguments it had advanced in opposition to Kerstetter's motion for judgment. It alleged that it had failed to submit a written transcript because it had been engaged in a good-faith dispute over whether a written transcript was required by law. It also alleged that Kerstetter, through his

attorney, intentionally hindered its attempts to buy a written transcript from his privately hired court reporter.

On April 9, 1993, the court granted the township's motion and vacated the judgment for Kerstetter. The court also stayed Kerstetter's removal and prohibited the township from replacing him as fire chief while this action is pending. Kerstetter now appeals that portion of the judgment that vacates the judgment in his favor, reinstating him as fire chief and awarding back pay. He asserts a single assignment of error:

"The trial court erred to the prejudice of Defendant–Appellant in granting Plaintiff–Appellee's motion for relief from judgment."

*Civ.R. 60(B) relief*

■ A trial court is authorized to vacate its judgment under Civ.R. 60(B), which provides: " * * * On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment." The Ohio Supreme Court, in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, set forth three factors upon which a court must base its decision to vacate a final judgment:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) * * *; and (3) the motion is made within a reasonable time * * *." *Id.* at paragraph two of the syllabus.

Although relief from judgment under Civ.R. 60(B) is within the discretion of the trial court (see *Rose Chevrolet, Inc. v. Adams* [1988], 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567), the court abuses its discretion if it grants such relief where the movant has not demonstrated all three factors. *Mount Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 18 O.O.3d 319, 413 N.E.2d 850, paragraph three of the syllabus.

■ The movant is no longer required to submit documentary evidence to support its contention that it can meet the *GTE* test. *Rose Chevrolet,* 36 Ohio St.3d at 20–21, 520 N.E.2d at 566–567; *Sooy v. J.B. Realty* (Jan. 15, 1992), Lorain App. No. 5093, unreported, at 4, 1992 WL 6654. However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test. *Montpoint Properties, Inc. v. Waskowski* (Apr. 6, 1988), Summit App. No. 13320, unreported, at 3, 1988 WL 37662.

The parties do not dispute the timeliness of the township's motion; they do dispute whether the township demonstrated that it was entitled to relief under any Civ.R. 60(B) grounds and whether it demonstrated that it had a meritorious defense. Each of these two factors will be considered separately.

### Civ.R. 60(B) grounds

■ "It is clear that Civ.R. 60(B) relief is not available as a substitute for an appeal * * *." *Sabini v. Thrower* (July 14, 1993), Summit App. No. 15930, unreported, at 4, 1993 WL 261570. The movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from that judgment. *State ex rel. Elyria v. Trubey* (1983), 24 Ohio App.3d 44, 48, 24 OBR 97, 100–101, 493 N.E.2d 254, 258.

■ The township argued many times in the course of this litigation that a written transcript was not required, and that contention was emphasized in its last brief in opposition to Kerstetter's motion for judgment. The township, however, lost that argument when the trial court granted judgment in favor of Kerstetter. Additionally, it unsuccessfully argued in contempt proceedings that Kerstetter's attorney caused the most recent delay. If the township was dissatisfied with the trial court's evaluation of those arguments, it should have appealed. Therefore, since the township alleged no new grounds to justify relief, it failed to demonstrate the second *GTE* factor, that it is entitled to relief under one of the grounds stated in Civ.R. 60(B).

### Meritorious Defense

■ To demonstrate the first *GTE* factor, the movant must specifically allege operative facts which would support a defense to the judgment. See *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 131, 554 N.E.2d 1362, 1363–1364. In *Rose Chevrolet*, the Ohio Supreme Court not only held that the movant was not required to submit supporting evidence of its defense, but also that the movant's answer to the original claim is sufficient for that purpose. *Rose Chevrolet*, 36 Ohio St.3d at 20, 520 N.E.2d at 566–567. Likewise, in *Sooy*, this court had before it the movant's complaint and depositions and determined that "[f]rom these materials, the trial judge could justifiably determine * * * that a meritorious claim had been sufficiently alleged." *Sooy* at 4.

In this case, the township merely generally alleged its ability to defend on the merits, but neither described its defense nor offered evidence demonstrating that there was content to its allegation. Without specific allegations, the trial court was not in a position to decide whether or not to vacate its judgment. Therefore, the township did not satisfy the meritorious defense requirement.

Since the township showed neither Civ.R. 60(B) grounds nor a meritorious defense, the trial court abused its discretion when it vacated its judgment for Kerstetter. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

DICKINSON, J., concurs.

QUILLIN, P.J., concurs in judgment only.