OPINION
Defendant-appellant, Douglas Crowell, appeals the decision of the Eaton, Preble County, Municipal Court denying his Civ.R. 60(B) motion seeking relief from a judgment previously granted to plaintiff-appellee, Bonnie Faber.
On May 13, 1998, appellee filed a complaint against appellant in the Eaton Municipal Court, Small Claims Division, alleging that appellant had damaged drain lines on appellee's property. A trial before the small claims magistrate was held on May 26, 1998, at which both parties presented evidence and testimony. On September 29, 1998, the magistrate issued a decision finding in appellee's favor and awarding her $553.71, plus 10% per annum post-judgment interest.
On October 14, 1998, appellant filed objections to the magistrate's decision in the Eaton Municipal Court. On October 26, 1998, the municipal court filed an entry overruling appellant's objections and adopting the magistrate's decision. On May 3, 1999, appellee initiated garnishment proceedings against appellant in the municipal court. A hearing was scheduled for May 26, 1999, but that hearing never took place. On May 26, 1999, appellant filed, pursuant to Civ.R. 60(B)(5), a motion for relief from the October 26, 1998 judgment.
On June 28, 1999, the municipal court denied appellant's motion on the basis that the Rules of Civil Procedure are inapplicable to small claims proceedings. The court found that the proper method to attack the original judgment was to appeal the judgment to the court of appeals, but the time to file such an appeal had long passed. Appellant appeals, raising four assignments of error.
Assignment of Error No. 1:
 DID THE MAGISTRATE ERR WHEN HE CONCLUDED THAT PRIVITY OF CONTRACT WAS NOT REQUIRED TO ESTABLISH A NEGLIGENCE ACTION BETWEEN A SUBSEQUENT CONTRACTOR AND A SUBSEQUENT PURCHASER OF REAL ESTATE, WHERE THE WORK PERFORMED BY THE SUBSEQUENT CONTRACTOR WAS DONE FOR A PRIOR OWNER OF THE PROPERTY.
Assignment of Error No. 2:
 DID THE EATON MUNICIPAL COURT JUDGE ERR WHEN HE DECLINED TO RE-EVALUATE THE PROPRIETY OF THE MAGISTRATE'S DECISION UNDER THE INHERENT EQUITABLE AUTHORITY OF THE COURT.
Assignment of Error No. 4:
 DID THE EATON MUNICIPAL COURT ERR WHEN IT ABDICATED IT'S [SIC] JURISDICTIONAL RESPONSIBILITY IN A SMALL CLAIMS MATTER.
In his first, second, and fourth assignments of error, appellant asks this court to review the merits of the original judgment. These matters should have been raised through direct appeal of the original judgment. In a Civ.R. 60(B) motion, the moving party must allege new grounds to justify relief from judgment. The moving party may not rely upon arguments it either raised or should have raised following the original judgment. Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602. If appellant was dissatisfied with the municipal court's original judgment, he should have appealed. A motion under Civ.R. 60(B) is not a substitute for a timely appeal. Dahl v. Kelling (1986), 34 Ohio App.3d 258, 259. Appellant cannot now attempt to use a Civ.R. 60(B) motion to circumvent the time requirements for filing an appeal. Id. at 260, citing Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. Appellant's first, second, and fourth assignments of error are overruled.
Assignment of Error No. 3:
 DID THE EATON MUNICIPAL COURT ERR WHEN IT RULED THAT OHIO RULE OF CIVIL PROCEDURE 60 DOES NOT APPLY IN SMALL CLAIMS ACTION. [SIC]
In his third assignment of error, appellant contends that the trial court incorrectly determined that the Rules of Civil Procedure are inapplicable to small claims actions. Appellant argues that Civ.R. 60(B) is applicable in the instant case, and that the trial court erred by not ruling on the merits of his motion.
Civ.R. 1 provides:
 (A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.
* * *
 (C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925, Revised Code * * *; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules.
The applicability of the Civil Rules of Procedure in small claims actions is addressed in R.C. 1925.16, which provides:
 Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, * * * and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure * * *.
Whether the Rules of Civil Procedure are applicable to a specific aspect of the relevant proceedings or in conflict with a governing statute is a question to be decided on a case-by-case basis. Ramsdell v. Ohio Civil Rights Commission
(1990), 56 Ohio St.3d 24, 27. Nonetheless, all proceedings in the small claims division are generally subject to the procedures set forth in the Civil Rules, see Crumley v. Murphy
(1980), 68 Ohio App.2d 145, except where R.C. Chapter 1925 addresses specific small claims procedures.
Therefore, pursuant to Civ.R. 1(A) and R.C. 1925.16, the Rules of Civil Procedure are generally applicable to small claims actions. Because no section of R.C. Chapter 1925 addresses relief from judgment pursuant to Civ.R. 60(B), that rule is applicable to small claims actions. The small claims court erred by finding otherwise and not addressing the merits of appellant's motion. The third assignment of error is well-taken.
Nonetheless, we find that appellant was not prejudiced by this error, because even had the small claims court decided appellant's Civ.R. 60(B) motion on its merits, judgment would have had to be entered against appellant as a matter of law. To be entitled to relief pursuant to Civ.R. 60(B),[1] the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) * * *; and (3) the motion is made within a reasonable time."Kerstetter, 91 Ohio App.3d at 601, citing GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B)(5) must be given narrow application and the grounds for its use should be substantial, not merely a substitute for appeal.Falk v. Wachs (1996), 116 Ohio App.3d 716, 720. A Civ.R. 60(B) motion may be untimely where it is filed months after the movant learned of judgment being rendered against him and the time to appeal that judgment has long since expired. Id. at 720-721.
In this case, appellant waited until appellee instituted garnishment proceedings, over seven months after the original judgment, to file his Civ.R. 60(B) motion. Appellant has not alleged that he was unaware of the trial court's original judgment or that a fraud was committed against the court in the original action. Instead, he only argues that the magistrate and the municipal court improperly applied the law in their decisions. These are issues that should have been raised through direct appeal of the original judgment. Appellant may not now attempt to circumvent his failure to follow proper procedure by filing a Civ.R. 60(B) motion. Blasco, 69 Ohio St.2d at 614; Kerstetter,91 Ohio App. 3d at 602. Because these issues were not raised at the appropriate time through appeal, the trial court could have found only that appellant was not entitled to relief.
Under the circumstances of this case, we find that appellant failed to timely file his motion and that, as a matter of law, he was not entitled to relief. Pursuant to App.R. 12(B),[2] we accordingly enter judgment in favor of appellee.
Judgment affirmed as modified.
POWELL, P.J., and WALSH, J., concur.
[1] Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time[.]
[2] App.R. 12(B) provides, in pertinent part:
 When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly.