DECISION AND JOURNAL ENTRY
Appellants, Mark and Sherry Overholt, have appealed from a judgment of the Medina County Common Pleas Court that denied their motion for relief from judgment pursuant to Civ.R. 60(B). This Court reverses and remands this case to the trial court.
 I.
On September 28, 1999, Appellee, Landmark America, Inc., filed a complaint for judgment on a promissory note, issued to General Trucks, Inc., and attached guaranties, signed by Appellants. The complaint alleged that Appellees were the owners of a note originally given to Citizens Bank Trust Company in conformity with R.C. 2323.13 with warrants of attorney to confess judgment. Subsequently, on that date, the trial court granted judgment against Appellants in the amount of $89,463.21 plus interest at 12.5% per annum on a principal balance of $2,692 from September 24, 1999.
On October 12, 1999, Appellants moved the trial court for relief from judgment. Appellants asserted five grounds for relief and sought a stay of execution. On November 12, 1999, Appellee responded to all of the claims. The trial court stayed the execution of the judgment; however, it lifted the stay when it denied Appellants' motion for relief. Appellants timely appealed, asserting four assignments of error.
 II.
First Assignment of Error
 The Court erred and abused its discretion in denying Defendants' motion for relief from judgment without an evidentiary hearing.
Fourth Assignment of Error
 The Court erred in denying an evidentiary hearing which resulted in a denial of due process of law.
 Because they are related, Appellants' first and fourth assignments of error will be addressed together. Appellants have asserted that the trial court erred by denying their motion for relief from judgment without holding an evidentiary hearing. This Court agrees.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment or order or proceeding was entered or taken.
 GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Pursuant to Civ.R. 60(B), the court may relieve a party from a final judgment or order if it finds any of the following:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
 All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
A trial court has discretion when determining whether to hold an evidentiary hearing on a Civ.R. 60(B) motion. BancohioNational Bank v. Schiesswohl (1988), 51 Ohio App.3d 130, 131. A trial court abuses its discretion, however, when it denies a Civ.R. 60(B) motion without first holding a hearing when the motion and affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B). Id.
 The movant is no longer required to submit documentary evidence to support its contention that it can meet the GTE test. However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test.
 (Citations omitted.) Elyria Twp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 601. As such, this Court must determine whether Appellants' motion and supporting affidavit contained allegations of operative facts that would warrant relief. See Id.
In their Civ.R. 60(B) motion, Appellants alleged, among other things, that 1) the debt had been settled when General Truck, Inc. entered into a Chapter 11 bankruptcy agreement; and 2) the debt had been settled and discharged by a lien that the original creditor had on all of the inventory, equipment, furniture, used truck inventory, and real property of General Trucks, Inc. Those assertions, sworn to in Mark Overholt's affidavit, are meritorious defenses to the judgment at issue. See, e.g. Bancohio,51 Ohio App.3d at 131-132. As such, Appellants alleged the existence of grounds constituting a meritorious defense to all or part of Appellee's claims.
Appellee's reply to Appellants' motion asserted, among other things, that: 1) General Trucks, Inc. did enter into a Chapter 11 bankruptcy; however, neither of Appellants had personally filed for bankruptcy; and 2) if collateral was liquidated it was apparently insufficient to pay off the amount owed. These were matters to be determined at a trial on the merits. See Marcinkov. Lyon (Apr. 12, 1995), Summit App. No. 16866, unreported, at 5. "It is not the function of the trial court, in ruling on a motion pursuant to Civ.R. 60(B), to `determine the credibility of witnesses or weigh the evidence.'" Id., citing Matson v. Marks
(1972), 32 Ohio App.2d 319, 327.
In the instant case, the trial court dismissed Appellants' Civ.R. 60(B) motion without a hearing on the grounds that the motion failed to set forth a valid defense supported by evidentiary materials. Because Appellants were not required to submit evidentiary support with their motion and because Appellants' motion contained sufficient allegations of operative facts of a meritorious defense, the trial court erroneously denied their motion without an evidentiary hearing. This Court expressly makes no determination regarding whether Appellants should be granted Civ.R. 60(B) relief. Instead, this Court concludes that Appellants' motion and affidavit contained sufficient allegations of operative facts that would entitle them to an evidentiary hearing. Appellants' first and fourth assignments of error are sustained.
Second Assignment of Error
 The Court erred in not granting relief from judgment as the warrants of attorney are barred by the statute of limitations.
Third Assignment of Error
 The court erred in not granting relief as the amount of judgment exceeds that which is alleged by [Appellee].
 Resolution of Appellants' second and third assignments of error may turn upon the evidence presented at the evidentiary hearing. As such, this Court declines to address the merits of those assignments.
 III.
Appellants' first and fourth assignments of error are sustained. This Court declines to address appellants' second and third assignments of error. The judgment of the trial court is reversed and this cause is remanded for an evidentiary hearing on Appellants' Civ.R. 60(B) motion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 __________________________ BETH WHITMORE
FOR THE COURT BAIRD, P. J.
SLABY, J.