OPINION
¶ 1Plaintiff-appellant Anna McQueen appeals Youngstown Municipal Court's, small claims division, order vacating default judgment in accordance with Civ.R. 60(B), against defendant-appellee Russell K. Young, executor of the estate of Harvey Minich. Minich died during the pendency of this case, and Young, executor of Minich's estate, was substituted as the party defendant. The issue before this court is whether the municipal court abused its discretion in vacating the default judgment and setting the case for a trial on the merits. Since all of the elements of Civ.R. 60(B) were met, the municipal court did not abuse its discretion. For the following reasons, the decision of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On December 4, 2000, McQueen filed a small claim's action against Harvey Minich dba Marion Heating. McQueen alleged that Minich did faulty work in installing a roof on his front porch. The complaint noted that the trial date would be January 22, 2001. Trial was rescheduled for February 12, 2001. Young asserts that he asked for and received a continuance, and that the trial was rescheduled for March 26, 2001. Despite Young's assertion that the trial had been continued, a hearing was held before a magistrate on February 12, 2001. Young did not appear at the hearing. The magistrate recommended granting default judgment to McQueen in the amount of $1,780 plus court costs. 2/12/01 J.E. The municipal court adopted the magistrate's recommendations, subject to the filing of objections.
 {¶ 3} On February 22, 2001, Young filed a Motion to Vacate Judgment. A hearing on the motion was set for March 6, 2001. The hearing was held before a magistrate. The magistrate recommended vacating the February 12, 2001 decision and setting the case for a hearing on the merits. The municipal court adopted the magistrate's decision, subject to the filing of objections.
 {¶ 4} McQueen filed timely objections to the magistrate's decision. McQueen argued that Young had not met the requirements of Civ.R. 60(B) and that there was no basis for granting the motion to vacate. A hearing on the objections was held on March 30, 2001. The municipal court overruled McQueen's objections and remanded the case to a magistrate for trial. This timely appeal followed.
 {¶ 5} The transcripts of the March 6, 2001 and March 30, 2001 hearings are not part of the record on appeal. McQueen did submit what is entitled Statement of Proceedings. However, it does not appear that the statement was ever submitted to the trial court for approval. App.R. 9(C). Therefore, it cannot constitute part of the record on appeal. Id.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO VACATE DEFAULT JUDGMENT BECAUSE EXCUSABLE NEGLECT WAS NOT SHOWN BY APPELLEE AND APPELLEE DID NOT DEMONSTRATE HE HAD A MERITORIOUS DEFENSE."
 {¶ 7} A trial court's decision granting a Civ.R. 60(B) motion to vacate is reviewed on appeal only for abuse of discretion. State ex rel.Russo v. Deters (1997), 80 Ohio St.3d 152, 153. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tracyv. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147.
 {¶ 8} Civ.R. 60(B), in pertinent part, states:
 {¶ 9} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." Civ.R. 60(B).
 {¶ 11} In order to prevail on a Civ.R. 60(B) motion to vacate, the movant, must demonstrate three factors: 1) a meritorious defense if relief is granted; 2) entitlement to relief under one of the factors listed in Civ.R. 60(B)(1) through (5); and 3) that the motion was filed within a reasonable time, the maximum being one year from the date of the judgment entry if relief is sought under Civ.R. 60(B)(1) through (3). GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,150-151. All three factors must be met to satisfy the requirements of Civ.R. 60(B). Id. at 151.
 {¶ 12} McQueen does not dispute that Young's motion to vacate was timely submitted. Instead, McQueen argues that Young failed to satisfy factors one and two from the above test. However, McQueen's arguments are not persuasive.
 {¶ 13} In order to satisfy the first GTE factor, the movant must allege a meritorious defense, but need not prove that he or she will prevail on that defense. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. A meritorious defense exists when the movant specifically alleges operative facts that support a defense to that judgment. Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599. Young alleged in his Memorandum in Opposition to the Plaintiff's Objections that he was able to present evidence of credits that would offset McQueen's damages claim, and that he could prove, using industry standards, that he performed his services in a workmanlike manner. These assertions alone establish an allegation of a meritorious defense. Furthermore, McQueen failed to provide on appeal the transcripts (or a suitable alternative) of the hearings held on March 6, 2001 and March 30, 2001. Those hearings could have contained evidence supporting Young's arguments. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 14} As far as the second GTE factor, Young relies on Civ.R. 60(B)(1) which allows the court to vacate a judgment due to excusable neglect. Excusable neglect is an elusive concept that is difficult to define and apply. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20. However, the Ohio Supreme Court has previously defined this term in the negative. It stated that "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id. The term "excusable neglect" must be liberally construed, keeping in mind that Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colleyv. Bazell (1980), 64 Ohio St.2d 243, 248. In determining whether a party's actions amount to excusable neglect, courts look to the facts and circumstances of each case. D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996), 111 Ohio App.3d 134, 138.
 {¶ 15} In the Memorandum in Opposition to the Plaintiff's Objections, Young's attorney explains that he showed up at the clerk of court's office on the date of the hearing and informed them that he had another trial scheduled for the same time. Young's attorney claims he requested that the hearing be rescheduled. Young's attorney claims that he failed to attend the February 12, 2001 hearing because he was told by the clerk of the court that it had been rescheduled. 2/22/01 Motion to Vacate. Even if the court did not conduct a full hearing on the motion to vacate, the trial court was within its discretion to treat Young's explanation as excusable neglect, as the explanation did not amount to mere inaction by Young's attorney. As previously mentioned, there were two hearings in which Young could have presented more evidence on this matter, but the transcripts of those hearings are not part of the record. The transcripts of the hearings were necessary to resolve the factual issue of whether excusable neglect existed. Without the transcripts or a reasonable alternative, this court must presume that the evidence supported the trial court's judgment. Knapp,61 Ohio St.2d at 199.
 {¶ 16} The record supports the finding that the requirements of Civ.R. 60(B) were satisfied. As such, McQueen's assignment of error is without merit.
 {¶ 17} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.