This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Church Mutual Insurance Company ("Church") has appealed from a decision of the Medina County Court of Common Pleas that granted Plaintiff-Appellee Libby Pearce's ("Libby") motion for relief from judgment. This Court reverses.
 I {¶ 2} On June 19, 2000, Ethan Pearce ("Ethan"), a minor, was a passenger in a vehicle driven by his father, Durk Pearce. At the same time as Mr. Pearce was attempting to park the vehicle, Ethan was attempting to exit the vehicle, and the door of the vehicle slammed on Ethan's head with great force. As a result of the accident, Ethan suffered permanent injuries to his brain and skull.
 {¶ 3} On November 13, 2001, Ethan's mother, Libby, individually and in her capacity as parent and guardian for Ethan, filed suit against Church. Libby alleged that, at the time of Ethan's accident, Durk Pearce was employed by the State Convention of Baptists in Ohio. She further alleged that, at the time of the accident, the State Convention of Baptists was a named insured under a business auto policy issued by Church, and that by operation of law, Libby and Ethan were also insureds entitled to coverage under the business auto policy.
 {¶ 4} Pursuant to Civ.R. 56, Church filed a motion for summary judgment on August 5, 2002; Libby did not respond to the motion. The trial court granted Church's motion on September 10, 2002. The next day, on September 11, 2002, Libby filed a notice of voluntary dismissal. Five days after that, on September 17, 2002, Libby filed a motion for reconsideration, whereby she requested the trial court to withdraw its entry of summary judgment in light of Libby's notice of voluntary dismissal; Church filed a brief in opposition on September 18, 2002.
 {¶ 5} On September 20, 2002, the trial court held that "[t]he judgment of September 10, 2002 disposed of all claims by all parties. Hence, this Court has no jurisdiction to revisit the matter pursuant to a `motion for reconsideration.'"
 {¶ 6} Libby filed a motion for relief from judgment on September 25, 2002, which contained the same arguments as her motion for reconsideration. The trial court granted Libby's motion, holding:
 "Upon review of the file and upon careful consideration of the arguments of counsel and the interests of justice, the Court finds [Libby's] motion for relief from judgment well taken. Accordingly, the Court hereby vacates the entry granting summary judgment in favor of the [Church]. The Court further finds [Libby's] notice of dismissal of September 11, 2002 shall be considered as filed instanter. The case is dismissed without prejudice with Costs assessed to [Libby]."
 {¶ 7} Church has timely appealed, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING [LIBBY'S] MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 8} In Church's sole assignment of error, it has argued that the trial court erred when it granted Libby's motion for relief from judgment. Specifically, Church has contended that Libby failed to allege a meritorious claim as required by Civ.R. 60(B). This Court agrees.
 {¶ 9} Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud ***, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} A movant must show three factors in order to obtain relief from judgment pursuant to Civ.R. 60(B): (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R.60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. These requirements are independent of one another and in the conjunctive. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 11} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152,153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. Mitchell v. Mill Creek Sparkle Market, Inc. (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 Ohio App. LEXIS 3153, at *4, citingRusso, 80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,104 ("If the material submitted by the parties in support of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1)-(5)], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion." (Emphasis omitted.)).
 {¶ 12} Here, the trial court granted Libby's motion without explaining the basis for its action. However, on appeal, Church has challenged the trial court's decision on the ground that Libby failed to prove that she had a meritorious claim to present if the motion for relief from judgment was granted. Thus, we review this matter solely as to whether Libby alleged a meritorious claim. In proving a meritorious claim, a movant need not prove that she will prevail on the meritorious claim. Colley v. Bazell (1980), 64 Ohio St.2d 243, 247, fn. 3; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. However, a movant must "allege supporting operative facts with enough specificity to allow the court to decide that the movant has a [claim] he could have successfully argued at trial." Mozena v. Mozena (June 21, 1995), 9th Dist. No. 94CA005969, at 4, citing Elyria Twp. Bd. of Trustees v.Kerstetter (1993), 91 Ohio App.3d 599, 601 (finding that a movant must specifically allege operative facts which would support a defense to the judgment).
 {¶ 13} In the case sub judice, Libby, in her motion for relief from judgment, failed to present the trial court with a meritorious claim. In her motion, Libby only explained why trial counsel failed to respond to Church's motion for summary judgment and why the voluntary notice of dismissal was filed after the trial court ruled on Church's Civ.R. 56 motion. Libby argued that her counsel was unable to communicate with her, and therefore counsel "did not have a sufficient factual basis for filing a Reply to Defendant's Motion for Summary Judgment, nor did the undersigned have [Libby's] permission to voluntarily dismiss this claim and withdraw." She also argued that because trial counsel was involved in the preparation of another case, notice of dismissal was placed in the mail before the trial court entered judgment on Church's motion for summary judgment, but was not filed until after the trial court granted Church's motion for summary judgment.
 {¶ 14} We find that Libby's motion only sets forth arguments tending to show entitlement to relief under Civ.R. 60(B)(1) (excusable neglect). Libby, however, has not "allege[d] supporting operative facts with enough specificity to allow the court to decide that the [she] has a [claim] [s]he could have successfully argued at trial." Mozena, supra at 4. Because Libby failed to prove that she had a meritorious claim if her motion for relief from judgment was granted, the trial court abused its discretion in granting Libby's Civ.R. 60(B) motion and vacating its prior entry granting summary judgment to Church. See O'Driscoll v. Morris
(Dec. 16, 1998), 9th Dist. No. 19043, at 5, appeal not allowed (1999),85 Ohio St.3d 1465 (holding that the trial court did not abuse its discretion in denying plaintiff's Civ.R. 60(B) motion because plaintiff failed to allege a meritorious claim); Huff v. Koscick (Apr. 20, 1998), 8th Dist. No. 73246, 1998 Ohio App. LEXIS 1879, at *3-4 (holding that a Civ.R. 60(B) motion was improperly granted because plaintiffs failed to show a meritorious claim).
 {¶ 15} As this Court has reversed the trial court's grant of relief from judgment, the original summary judgment regains effect as the final order. See Owens v. French Village Co. (July 26, 2000), 9th Dist. No. 99CA0058, at 12. Therefore, the notice of voluntary dismissal filed by Libby on September 11, 2002, which was filed after the trial court granted Church's motion for summary judgment, was of no force and effect. See Cakir v. Cigna Prop. Cas. (Jan. 22, 1999), 6th Dist. No. L-98-1190, 1999 Ohio App. LEXIS 93, *4-5.
 III {¶ 16} Church's sole assignment of error is sustained. The judgment of the trial court is reversed.
SLABY, P.J. and BATCHELDER, J. CONCUR.