DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the July 18, 2003 judgment of the Ottawa County Court of Common Pleas, which denied appellant Philadelphia Insurance Company's motion for relief from judgment pursuant to Civ.R. 60(B)(5). For the reasons that follow, we reverse the trial court's judgment.
 {¶ 2} On September 14, 2000, appellee, Judith Wolfe, was injured in an automobile accident, in Ottawa County, Ohio, caused by the negligence of Paul L. Perry.[1] On the date of the accident, Wolfe was employed by WSOS Community Action, Inc., which maintained a Commercial General Liability and Business Automobile Policy with appellant Philadelphia Insurance Company.
 {¶ 3} Appellees, Judith Wolfe and her husband, Michael Wolfe, filed the original complaint in this case on May 21, 2001. In appellees' second amended complaint, filed January 30, 2002, appellant was named as a party pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co. (1999),85 Ohio St.3d 660.
 {¶ 4} On April 26, 2002, appellant filed a motion for summary judgment arguing that the "other owned auto exclusion" precluded coverage. On June 14, 2002, the trial court denied the motion, finding the policy language to be ambiguous.
 {¶ 5} On October 10, 2002, appellees sent appellant a letter demanding arbitration pursuant to the Philadelphia policy; appellant rejected arbitration on October 17, 2002. Appellees then filed a motion to compel binding arbitration, which was opposed by appellant.
 {¶ 6} Opposing appellees' motion to compel, appellant argued that the arbitration clause was permissive only, that the appellees waived the right to arbitrate, and that arbitration was improper because appellant had not waived its coverage dispute. On November 19, 2002, the trial court granted appellees' motion.
 {¶ 7} On November 26, 2002, appellants filed a motion for reconsideration of the court's November 19, 2002 judgment. Following oral arguments on the motion, the trial court denied the motion and ordered that the parties submit to binding arbitration. Dismissing the appeal to this court based on it being untimely, we held that orders stemming from motions for reconsideration filed in the trial court are a nullity.
 {¶ 8} On May 27, 2003, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). Appellant argued, utilizing the Civ.R. 60(B) requirements set forth in GTE Automatic Elec. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146, that (1) appellant had a meritorious claim or defense in that appellees were not entitled to UM coverage; (2) under Civ.R. 60(B)(5), appellant was entitled to relief from judgment because appellees waived their right to arbitrate, the arbitration provision is mandatory, or because coverage was in dispute the matter may not be arbitrated; and (3) that the motion was timely. In opposition, appellees argued that appellant's arguments were merely a rehashing of issues already determined by the court.
 {¶ 9} Appellant's Civ.R. 60(B) motion was denied on July 18, 2003; appellant commenced this appeal and raises the following assignment of error:
 {¶ 10} "The trial court erred in denying appellant's motion for relief from judgment, pursuant to Ohio Civil Rule 60(B), and in requiring the appellant to submit to binding arbitration."
 {¶ 11} It is well settled that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219.
 {¶ 12} Civ.R. 60(B) sets forth the following grounds for relief from judgment:
 {¶ 13} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 14} In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 {¶ 15} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndus., Inc., 47 Ohio St.2d at paragraph two of the syllabus.
 {¶ 16} These requirements must be shown by "operative facts" which demonstrate the movant's entitlement to relief. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 21. Civ.R. 60(B) relief will be denied if the movant fails to adequately demonstrate any one of the GTE
requirements. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391. Civ.R. 60(B) relief is not available as a substitute for appeal. Doe v. Trumbull Cty. Children Services Bd.
(1986), 28 Ohio St.3d 128, 131. "The movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from that judgment." (Citation omitted.)Elyria Twp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599,602.
 {¶ 17} As to the application of Civ.R. 60(B)(5), that subsection is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, * * *." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus.
 {¶ 18} In the instant case, after careful review of the record, we conclude that appellant has demonstrated entitlement to relief under Civ.R. 60(B)(5). As to the first GTE prong, a meritorious claim or defense, appellant argues, inter alia, that because the issue of coverage was disputed, the claim was not the proper subject of arbitration.[2]
We agree.
 {¶ 19} In the trial court's June 14, 2002 judgment denying appellant's motion for summary judgment, the court concluded: "In the present case, the Philadelphia policy contains all three of the aforementioned ambiguities as stated in Batteiger, supra. Therefore there is still an issue of material fact and Defendant Philadelphia is not entitled to judgment as a matter of law."
 {¶ 20} In its judgment, the court did not affirmatively find that appellee, Judith Wolfe, was covered under the policy; the court merely determined that issues of fact precluded an award of summary judgment in favor of appellant. Accordingly, the issue of coverage is still in dispute; further, appellant has demonstrated a meritorious claim or defense to coverage if relief is granted.
 {¶ 21} As to the second GTE prong, appellant has demonstrated entitlement to relief under Civ.R. 60(B)(5). Because the issue of coverage is in dispute, denial of appellant's motion may result in the "unjust operation of a judgment." Caruso-Ciresi, supra.
 {¶ 22} Finally, we find that the third GTE prong, timeliness, has been met.
 {¶ 23} Based on the foregoing, we find that the trial court abused its discretion by denying appellant's Civ.R. 60(B) motion for relief from judgment. Appellant's sole assignment of error is well-taken.
 {¶ 24} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Ottawa County Court of Common Pleas is reversed. The matter is remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
Judgment reversed.
Knepper, J., Pietrykowski, J., Lanzinger, J. concur.
[1] On January 21, 2003, Perry was dismissed from the lawsuit due to a settlement.
[2] The arbitration provision in the Philadelphia Insurance Company policy provides, in part: "However, disputes concerning coverage under this endorsement may not be arbitrated."