OPINION
{¶ 1} Appellant, Nicholas S. Zerinsky, appeals from the July 6, 2004 judgment entry of the Lake County Court of Common Pleas, Probate Division, granting the motion for relief from judgment of appellee, Roberta Fisher Zerinsky.
 {¶ 2} On October 28, 2001, Dr. Richard S. Zerinsky ("the decedent") passed away. Prior to his death, the decedent executed a last will and testament on August 10, 2001, naming appellee, his widow, as fiduciary and sole heir, and appellant, his son from a previous marriage, as a residual heir.
 {¶ 3} On May 21, 2002, appellant filed a "Complaint to Contest Will" against appellee and defendants Deborah Evans and David Zerinsky ("defendants").[1] Appellee filed an answer on June 19, 2002.
 {¶ 4} On April 8, 2003, appellee filed a motion for leave to file a counterclaim against appellant. On April 18, 2003, appellant filed a brief in opposition to appellee's motion for leave to file a counterclaim. Appellee filed a response on April 25, 2003.[2]
 {¶ 5} A hearing was held before the magistrate on September 22, 2003.[3] At that hearing, appellant's attorney indicated that the parties agreed that the matter had been settled in the amount of $1,500 in cash, in addition to the decedent's gun collection, and the decedent's black doctor bag. However, appellee refused to sign the stipulated dismissal entry, contending that the agreement, if it existed, required appellant to return to her various personal items.[4] Appellee alleges that the foregoing condition should have been stated at the September 22, 2003 hearing but it was not.
 {¶ 6} On October 29, 2003, appellee filed a "Motion for Dismissal of Will Contest Action." Appellant filed a brief in opposition to appellee's motion to dismiss and requested that the trial court enforce the settlement agreement.
 {¶ 7} Pursuant to its April 23, 2004 judgment entry, the trial court dismissed the will contest complaint and ordered appellee to pay the sum of $1,500 to appellant, together with the delivery of the decedent's gun collection and black medical bag. The trial court stated that "[c]osts [of] the proceedings are charged to [appellant]. This is a final appealable order. There is no just cause for delay."
 {¶ 8} On June 1, 2004, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant filed a brief in opposition to appellee's motion for relief from judgment on June 23, 2004.
 {¶ 9} Pursuant to its July 6, 2004 judgment entry, the trial court granted appellee's motion for relief from judgment and vacated the April 23, 2004 "Judgment Entry of Settlement and Dismissal." It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[5]
 {¶ 10} "A [m]otion for [r]elief from [j]udgment [p]ursuant to [Civ.R.] 60(B) in [l]ieu of [f]iling an [a]ppeal is [i]nvalid and the [t]rial [c]ourt [e]rred in [e]ntertaining and [g]ranting [a]ppellee's [m]otion for [r]elief from [j]udgment."
 {¶ 11} In his sole assignment of error, appellant argues that the trial court erred by granting appellee's motion for relief from judgment. Appellant stresses that a party may not file a motion for relief from judgment under Civ.R. 60(B) in lieu of filing an appeal.
 {¶ 12} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Civ.R. 60(B) provides that:
 {¶ 14} "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which its is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 15} In GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held: "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 16} A Civ.R. 60(B) motion for relief from judgment is not a substitute for a direct appeal. See McIntyre v. Braydich (Dec. 5, 1997), 11th Dist. No. 96-T-5602, 1997 Ohio App. LEXIS 5449, at 6, citing Colleyv. Bazell (1980), 64 Ohio St.2d 243, 245. Also, Civ.R. 60(B) motions cannot "be used to circumvent or extend the time requirements for filing an appeal." Baker v. Baker (June 15, 2001), 11th Dist. No. 2000-L-054, 2001 Ohio App. LEXIS 2711, at 4, citing Doe v. Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus;Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 17} In the case sub judice, rather than appeal the trial court's April 23, 2004 judgment entry, appellee waited until after the time for filing a timely appeal had expired and requested relief from judgment pursuant to Civ.R. 60(B) on June 1, 2004. Relying mainly on Civ.R. 60(B)(5), appellee maintained that her counsel was not present at the hearing, she never intended to proceed pro se, she never indicated that she intended to abandon her personal property, and there was no indication that she breached her duty as a fiduciary. However, Civ.R. 60(B)(5), the "catch-all" provision, is to be invoked in "`an extraordinary and unusual case where the interests of justice (warrant) it.'" McIntyre, supra, at 9, quoting Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105. In the present case, such extraordinary circumstances do not exist. Appellee failed to allege new grounds entitling her to relief. Rather, appellee merely reiterated arguments which could have been raised on appeal. See Elyria Twp. Bd. of Trusteesv. Kerstetter (1993), 91 Ohio App.3d 599, 602.
 {¶ 18} The trial court abused its discretion in granting appellee's motion for relief from judgment and vacating the April 23, 2004 judgment entry. Appellee failed to set forth a meritorious claim and did not demonstrate a right to relief under Civ.R. 60(B).
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas, Probate Division, is reversed and judgment is entered for appellant.
O'Neill, J., O'Toole, J., concur.
[1] Defendants are not parties to the instant appeal.
[2] The trial court did not rule on appellee's motion for leave to file a counterclaim.
[3] At that hearing, appellee was present but her counsel was not due to a medical procedure scheduled for his wife. Also, appellant was absent but his attorney was present.
[4] The items included a Thomas Kinkaid oil painting, a series of six prints, semi-precious stone book ends, nautical memorabilia, and framed photos. We note, however, that pursuant to a letter dated October 24, 2003, appellant's attorney indicated that appellant agreed to return the "pictures" to appellee. In addition, at issue was whether the $1,500 settlement would be deducted from $51,570 in loans owed to the estate by appellant, and $21,681.48 advanced from appellee's personal account.
[5] Pursuant to this court's August 17, 2005 judgment entry, we indicated that due to the conference with respective counsel during oral argument on August 4, 2005, the parties had thirty days to notify this court as to whether or not they had reached a conclusionary settlement, which was to be evidenced by an appropriate motion to dismiss submitted by the parties. We further stated that we would not publish an opinion and mandate in this case until the thirty-day period had expired in the event that a satisfactory settlement had not been achieved. Here, the parties failed to notify this court that a satisfactory settlement had been reached, nor did they file a motion to dismiss within the time allotment.