[Cite as *Klockner v. Klockner*, 2019-Ohio-1739.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CARINA T. KLOCKNER | | C.A. No. 29236 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN J. KLOCKNER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. DR-2018-04-1117 |

DECISION AND JOURNAL ENTRY

Dated: May 8, 2019

HENSAL, Judge.

{¶1}   Brian Klockner appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion for relief from judgment under Civil Rule 60(B). For the following reasons, this Court affirms.

I.

{¶2}   The Klockners married in 1989. During the course of the marriage, they had five children. On April 30, 2018, Wife filed a complaint for divorce, which she served on Husband at his employer. She also served him with notice that an uncontested final hearing had been scheduled for August 7, 2018. Husband did not file an answer or appear at the final hearing. On August 16, 2018, the trial court issued a decree of divorce.

{¶3}   Husband subsequently moved for relief from judgment. According to Husband, he attempted to obtain an attorney through the Akron Bar Association's lawyer referral service. Meanwhile, he discussed issues of child support, spousal support, allocation of debt, property

division, and other matters with Wife, and they reached a general agreement about those issues. Wife, therefore, told him that she was going to withdraw a motion for temporary orders that she had filed. The attorney he contacted from the referral service also informed him that the case had been dismissed. Husband alleged that he did not receive service of any further court papers and thought that he was going to enter into a dissolution with Wife when he received a message from her informing him that the divorce had occurred and that he owed her money pursuant to the decree of divorce. Wife opposed Husband's motion for relief from the decree, alleging that he misled her about whether he had hired an attorney and that he had agreed to all of the terms in the decree.

{¶4} Following a hearing, the trial court denied Husband's motion. It determined that he had failed to establish that he had a meritorious claim or defense or that he was entitled to relief under one of the provisions of Rule 60(B). Husband has appealed, assigning as error that the trial court incorrectly denied his motion for relief from judgment.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO GRANT CIV.R. 60(B) RELIEF FROM A JUDGMENT THAT WAS FILED ON AN UNCONTESTED BASIS NINETEEN (19) DAYS PRIOR TO THE MOTION WHEN THE APPELLANT BELIEVED THE MATTER TO HAVE BEEN DISMISSED AND NOT RESCHEDULED FOR HEARING AND WAS ATTEMPTING TO PROCURE COUNSEL TO ASSIST HIM IN PROPERLY RESPONDING.

{¶5} Husband argues that the trial court abused its discretion when it denied his motion for relief from judgment.

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} Regarding the meritorious defense prong, "a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). "[T]he movant must allege operative facts with enough specificity to allow the court to decide whether [he] has met that test." *Elyria Twp. Bd. of Trustees v. Kerstetter*, 91 Ohio App.3d 599, 601 (9th Dist.1993).

{¶7} Husband argues that he has a meritorious defense but does not explain what it is in his appellate brief. He admits that "he was essentially in agreement with the methodology used to establish property division and spousal support[.]" He contends, however, that he "wanted to discuss the matter with an attorney prior to finalizing the divorce" and that he "had questions and concerns as to the legal ramifications and sought counsel to make sure that it was 'fair for everybody.'"

{¶8} Husband asserts that he is still contractually obligated to pay the mortgage that exists on the marital home even though Wife received the home and all of its equity in the decree. At the hearing, however, Wife presented a copy of a text message that Husband sent to her telling her that he wanted her to have all the equity in the house. The decree also requires the

parties to refinance the mortgage on the house with Wife assuming sole obligation of the mortgage and holding Husband harmless for all expenses associated with it.

{¶9} In his Rule 60(B) motion, Husband did not identify any meritorious defenses. To the contrary, in the affidavit he attached to his motion, he admitted that he and Wife had reached a general agreement about the separation, spousal and child support, allocation of debts, property division, and other items related to ending the marriage. He did not identify any ways in which the divorce decree failed to match their agreement.

{¶10} Upon review of the record, we conclude that Husband failed to demonstrate that he had a meritorious defense or claim to present if he received relief under Rule 60(B). The trial court, therefore, did not abuse its discretion when it denied Husband's motion. Husband's assignment of error is overruled.

III.

{¶11} Husband's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                            _____
                                                            JENNIFER HENSAL
                                                            FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHRIS G. MANOS, Attorney at Law, for Appellant.

DAVID A. LOONEY, Attorney at Law, for Appellee.