## PRICE HILL COLLIERY CO v
## OLD BEN COAL CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3679.. Decided June 16, 1930

Dempsey & Dempsey, Cincinnati, for Colliery Co.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for Coal Co.

HAMILTON, J.

The Old Ben Coal Corporation moves to dismiss the error proceeding on the ground that the judgment was not a final order, and, therefore, not reviewable. That motion will be overruled, this court having previously considered the case of **Farmers Bank & Trust Co. v. Cooper Tire & Battery Co.,** No. 3535, Hamilton County, (decision by Court January 13, 1930), as a final order affecting a substantial right.

The attachments were issued without bond, attachments being against foreign corporations, which had not complied with the laws of the State of Ohio entitling them to do business in the State of Ohio. The affidavits in attachment allege these necessary facts. **Sec 11819 GC,** is authority for the attachments on these grounds, providing the parties are within the final clause of the section, which is:

"An attachment shall not be granted on the ground that the defendant is a foreign corporation or not a resident of this state, for any claim other than a debt or demand, arising upon contract, judgment or decree, x x x"

Plaintiff in error contends that the petition fails to show that the demand is one arising upon contract, judgment, or decree against it, and argues that since the judgment referred to in the affidavit was had against the Universal Coal Company, and not against the Universal Coal Sales Company nor the Price Hill Colliery Company, that the relief sought is one in equity in the nature of a proceeding in aid of execution, and, therefore, the claim does not arise on contract, judgment, or decree.

On the question as to whether or not a petition can be taken into consideration in determining the sufficiency of the affidavit, the authorities are not uniform. If there are ambiguous statements in the affidavit, which are explained in, the allegations of the petition, courts have held that the petition may be considered as explanatory of those statements. But we do not understand that the petition is a part of the affidavit. These affidavits need no explanation. Whether or not the statements are true could not be determined upon the petition on the motion to discharge.

The bill of exceptions indicates that at the hearing on the motion, certain evidence was taken and affidavits filed going to the merits of the claim under the allegations of the petition, wherein liability and non-liability of the Universal Coal Sales Company and the Price Hill Colliery Company for the original claim in which a judgment was secured against the Universal Coal Company for breach of contract was sought to be shown.

Sec 11,820 GC, provides the requisites of an affidavit, upon which the order of attachment shall issue.

Sub-section 1, 11,820 GC, provides that the affidavit must show the nature of the plaintiff's claim.

The statements in the affidavits show the nature of the plaintiff's claim; that it arose out of a contract for the sale and delivery of coal; that the claim had been reduced to judgment, and that defendants were liable for the payment of the same.

Sub-section 2 of 11,820 GC, provides that the affidavit must show that it is a just claim. The affidavit is "that said claim is just".

Sub-section 3, 11,820 GC, provides that said affidavit must set forth the amount which the affiant believes the plaintiff ought to recover. The affidavits set forth the amount of the claim, the sum of $11,776.00, with interest.

Sub-section 4, of the same section of the code provides that the affidavits must set forth the existence of any one of the grounds for an attachment enumerated in such section.

The affidavit follows with the statement that the defendants are foreign corporations organized under the laws of another state, and that said defendants have not complied with the laws of the State of Ohio pertaining to foreign corporations.

The affidavits, therefore, on the face thereof, comply with all the requirements of the statute.

Moreover, the proceeding is based on the main case claiming damages for breach of contract. The amount of damages was ascertained in the main action and reduced to judgment. The amount was certain and enabled the plaintiff below to set forth in the affidavits the amount which it ought to recover. The basis of the claim is both on contract, and a judgment, fully meeting the requirements of the statute.

If on the motions we were to consider whether the petition states an action at law or one in equity, the conclusion would make no difference. See: Goble v. Howard, et al., 12 Oh St, 165. The petition, among other things, charges that the Universal Coal Company and the Universal Coal Sales Company and the Price Hill Colliery Company are one and the same; that after the Old Ben Coal Corporation secured a judgment against the Universal Coal Company, it was discovered that the assets of the Universal Coal Company and all of its property had been taken over by the Price Hill Colliery Company, and a new organization known as the Universal Coal Sales Company had been formed, all for the purpose of defrauding and preventing the collection of the judgment against the Universal Coal Company; that the Price Hill Colliery Company and the Universal Coal Sales Company were the true principals in the breach of contract case, or had become liable for the payment of the judgment by reason of taking over all of the assets of the judgment debtor.

Thus is presented an additional ground for claiming that the claim arises upon contract, in that by taking over all of the assets of the debtor corporation there was assumed a contract, implied in law, to pay the debts of the judgment debtor.

This proposition as to an implied contract in law is sound under the authorities, collated in 16 Am. L. R., 1112, and 30 Am. L. R. 558, but it is not necessary to rely upon this rule in this case.

See also: Box Board Co. v. Hinton, et al, 100 Oh St, 505.

A like case to the one under consideration, between the same parties, based on the same main case and judgment, arose in the Supreme Court of Michigan, that is, Old Ben Coal Corporation v. Universal Coal Company, et al., 227 N. W. 794, in which the court said, quoting from Spokane Merchants' Ass'n v. Clere Clothing Co., 84 Wash., 616, 147 P. 414, 416:

"the court may 'x x x x look through

forms to substance, and ignore a mere colorable corporate entity, to the end that rights of third parties shall be protected'." An the court sustained the attachments.

The judgment of the court of common pleas of Hamilton County, overruling the motions to discharge the attachments will be affirmed.

Cushing, PJ, and Ross, J, concur.