### HAMILTON v TEMPLE

Ohio Appeals, 1st Dist, Hamilton Co

No 5446. Decided June 27, 1938

William R. Collins, Cincinnati, and Raymond Huwe, for appellant.

Howard D. Porter, Cincinnati, amicus curiae.

## OPINION

By MATTHEWS, J.

This case originated in the Court of Common Pleas of Hamilton County. The notice of intention to appeal recites that the order appealed from is one made on February 21st, 1938, sustaining the motion of Howard D. Porter, to be dismissed as garnishee.

It appears from the bill of exceptions that the chose sought to be brought within the jurisdiction of the court by the garnishee process was three hundred and thirty-eight shares of stock in The Warner Elevator Manufacturing Company. The garnishee, Howard D. Porter, appeared and answered orally in open court. From his testimony—which was the only evidence on the subject—we learn that the certificate evidencing this stock ownership recited that the defendant was the owner. The certificate came into the possession of the garnishee from the Guaranty Underwriters, Inc., and The Guaranty Loan & Investment Co., of Jacksonville, Fla., with instructions to present it to the Warner Elevator Mfg. Co., for transfer—ten shares to the Guaranty Underwriters, Inc., and three hundred and twenty-eight shares to the defendant.

The defendant had authorized the transfer of the ten shares to the Guaranty Underwriters, Inc.

The certificate was not seized by the officer and was in a safe deposit box in another state.

The relation of the Guaranty Loan & Investment Company to this stock was that of a pledgee to secure a loan made to the defendant. The record does not disclose the amount of this loan, for the value of the stock.

We should observe here that we know of no provision of the law authorizing a garnishee to move for his dismissal. 4 **Ohio Jur.**, (§205) 271. The court has no jurisdiction to make any order that is binding upon him. Id. (§156) 197 et seq. However, the court does have jurisdiction to refuse to make an order against the garnishee, and, of course, when the evidence shows no right to an order, it should not be made.

The first question presented is, whether the order dismissing the garnishee can be reviewed by this court on appeal on questions of law by the plaintiff. That depends on whether it comes within the designation of a judgment as that term is used in §6 **of Article IV of the Constitution,** which confers jurisdiction upon this court. We have set forth our views on the meaning of the constitutional provision in Ryan v Kroger Grocery & Baking Co., 56 Oh Ap 469, and will not repeat them here. It is sufficient to say that if the order divests some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition, after the expiration of the term, it is a judgment or final order. The order must determine finally some right of the parties to be appealable to this court. We think this order dismissing the garnishee answers that description. It is the equivalent of an order dissolving the attachment. The right in the nature of a lien to subject the chose in the hands of the garnishee is thereby taken from the plaintiff. Id. (§195) 260.

574

The order discharging the garnishee would end any possibility of subjecting the stock to the plaintiff's claim in the pending action. It is final as to that action—as final as a dismissal without prejudice of the main action. And the garnishee, having made a full, complete and honest disclosure by his answer, would not be liable to the plaintiff upon her claim in any independent action under §11851 GC. The garnishment proceeding would cease by order of the court and through no fault of the garnishee.

This court has held in **Price Hill Collieries Co. v Old Ben Coal Co., 38 Oh Ap 151** 175 NE 755, that an order overruling a motion to discharge an attachment is a final order. See also: **State ex v Heinrich, 48 Oh Ap 455.**

And in **Toledo Paper Box Company v Jay Lane, 20 Abs 334**, this court also held that an appeal lay to an order discharging an attachment.

We find the court has jurisdiction.

It is expressly provided by §12223-2, GC, that every order affecting a substantial right in a special proceeding is a final order. In **Harrison v King, 9 Oh St 388**, at 395, it is said:

"The attachment is a special proceeding ancillary to the action, but so independent of it that an order in the attachment proceeding may, when final, be the subject of a petition in error during the pendency of the action."

See also: Richardson v Greenhood, Anno. Cases, 1918 A. 515, 225 Mass. 608.

Furthermore, provision for such an appeal is specifically made by §11864, GC, which was a part of the statute law of Ohio at the time of the adoption of the constitutional amendment of 1912 relating to the jurisdiction of this court, and the order discharging the attachment must be considered as constituting a judgment within the contemplation of the framers of that amendment..

We are therefore presented with the question of the validity of the court's order dismissing the garnishee. The solution of this problem is found in determining whether the answer of the garnishee disclosed an unqualified admission of property in his possession or under his control belonging to the defendant.

The garnishee is not a party to the action, and, of course, under the Constitution is entitled to his day in court when any issue is determined adversely to him. Fur-

thermore, until the jurisdiction of the court is established by a finding of the person of the defendant or his property within the territorial limits of the court's jurisdiction, the defendant would not be bound by the court's order which is essential to the garnishee's protection. Therefore, unless it appears indisputably █ that the garnishee has property, the court could or should make no order against the garnishee or the property. That is clearly the rule respecting proceedings after judgment in aid of execution. (The **Simmons Real Estate Co. v Riestenberg, 51 Oh Ap 176**) and also respecting garnishments (§11850, GC, et seq.)

Now manifestly there was no property in his possession, as corporate stock is intangible or incorporeal property. █ He had possession on the certificate, but that was no more than the evidence of the title to the chose.

The evidence shows that three persons had some interest in this stock—the defendant. The Guaranty Loan & Investment Company, and Guaranty Underwriters, Inc. The extent of the interest of the defendant and The Guaranty Loan & Investment Company is not disclosed.

By §8673-13, GC, it is provided:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it."

The Common Pleas Court in this action could have made no order respecting this stock. Guaranty Underwriters, Inc., and The Guaranty Loan & Investment Company were not within the jurisdiction of the court. They have not been served and could not be. They had not voluntarily submitted to the court's jurisdiction, and apparently if they had, they would not have admitted possession or control of property belonging to defendant. Certainly, no injunction had or could have been issued restraining them from transferring the certificate of stock. Jurisdiction of their person is essential to the validity of such a restraining order, compliance with which could only be enforced by contempt pro-

ceedings. A plenary action would be essential to accomplish such a result.

In 5 Am. Jur. 68, the author says:

"The general rule is that the fact that the principal debtor has, previously to the garnishment, assigned his claim against the garnishee so that the garnishee is liable to the assignee of the debtor defeats garnishment proceedings, providing the garnishee is notified of the assignment at some time during the garnishment, the cases not agreeing, however, upon the exact time during the garnishment that such notice must reach the garnishee."

And, at page 69:
"If, in garnishment proceedings, an indebtedness is disclosed by the garnishee, but he also discloses the fact of a claim thereto by a third person as assignee, it is error for the court to order judgment against the garnishee until the claimant is duly cited and made a party, and unless this is done, the rights of such claimant cannot be barred or affected by the judgment."

The evidence shows clearly that this stock had been assigned prior to the garnishment, and to require the garnishee to deliver the certificate would expose him to a liability to the assignee, who is not a party to the action, and, therefore, would not be bound by any order made by the court.

We are of the opinion that the court committed no error, and the order is affirmed.

ROSS, PJ, concurs.
HAMILTON, J, concurs in a separate opinion.

## CONCURRING OPINION

By HAMILTON, J.

I concur in the conclusion that the court committed no reversible error, if the question were properly before the court.

I am of opinion, however, that the order dismissing the garnishee is not a final order within the meaning of judgment, as contemplated under the Constitution. If the attacking creditor was not satisfied with the answer of the garnishee, the statute provides for a direct action by him against the garnishee, in which action he may ascertain, after trial, the correctness of the answer of the garnishee before the trial court.

This remedy leads to the conclusion that the mere discharge of the garnishee by the trial court was not a final order, amounting to a judgment.