John H. Spencer, Inc., Appellee, et al., *v.* Baker & Hostetler, Appellant; Bank One of Middletown, Appellee, et al.

118

(No. C-860348—Decided May 6, 1987.)

*Rothman, Combs, Valen & Kaup* and *Gary H. Kaup,* for John H. Spencer, Inc.

*Bloom & Greene Co., L.P.A.,* and *Michael D. Eagen,* for Baker & Hostetler.

*Lancer Weinrich, Jr.,* for Bank One of Middletown.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Prior to addressing the merits, we must determine the jurisdiction of this court to hear the appeal. Defendant-appellant, Baker & Hostetler, claims that an order of the court below requiring the proceeds of a letter of credit to be deposited with defendant-appellee, Bank One of Middletown, constitutes a prejudgment attachment performed in contravention of R.C. Chapter 2715. If this contention is correct, then jurisdiction exists under R.C. 2715.46, which provides for an immediate appeal from a prejudgment attachment.

The extremely sparse record before us fails to support Baker & Hostetler's claims. The motion for the deposit was made during a pretrial consolidation hearing and no transcript is included in the record. The order directed Baker & Hostetler to deposit the proceeds in the bank to be held subject to further orders of the court. This is very different from an order of attachment which is issued by a court and delivered to a sheriff directing him to attach the property of a defendant. R.C. 2715.05.

Additionally, Baker & Hostetler claims a property interest in the proceeds by means of an attorney's lien.

The record, however, fails to support this claim in any way. Thus, the record fails to demonstrate whether Baker & Hostetler had any property interest in the proceeds of the letter of credit which could have been subject to an R.C. 2715.01 attachment. Accordingly, Baker & Hostetler has failed to demonstrate jurisdiction pursuant to R.C. 2715.46.

Further, we find the order appealed from is not a final order because it does not determine the action and prevent a judgment or affect a substantial right. R.C. 2505.02. The right to the proceeds appears to be undetermined at this time, and we fail to see any demonstrable prejudice in requiring the funds to be held by one defendant rather than another. The proceeds are still subject to the further orders of the court below; as such, the action has not been determined.

For the foregoing reasons, the appeal is dismissed.

*Appeal dismissed.*

SHANNON, P.J., BLACK and HILDEBRANDT, JJ., concur.