OPINION
{¶ 1} Defendant-Appellant William F. Slabaugh appeals the April 28, 2005 Judgment Entry of the Stark County Court of Common Pleas overruling his Motion to Discharge Attachment.
 STATEMENT OF FACTS {¶ 2} This matter arises from the assault and battery by Appellant-Defendant William Slabaugh (hereinafter "Appellant") upon Appellee-Plaintiff Becky E. Slabaugh (hereinafter "Appellee"). On July 10, 2004, Appellant attacked Appellee in the house they had shared as husband and wife, pulling and holding her by her hair, spraying her face and head with highly toxic nitric acid and pouring the acid all over her person. (T at 15-17). At the time of the attack, Appellee and Appellant were separated. As a result of Appellant's attack on Appellee, Appellee suffered burns over fifty percent of her body, and she must wear a facial mask for a year to assist with the healing of her skin. To date, Appellee's medical expenses exceed $860,000.00; at the time of the hearing held in this matter, her medical expenses were approximately $280,000.00. (T at 22). On December 8, 2004, Appellant was convicted of felonious assault and kidnapping, and sentenced to a term of two years, consecutive to a term of ten years, respectively, in prison, a sentence which he is currently serving.
 {¶ 3} On July 27, 2004 Appellee Becky Slabaugh, through counsel, filed a Complaint for Divorce in the Summit County Court of Common Pleas together with an ex parte request for a restraining order prohibiting Edward Jones, the financial institution holding Appellant's Individual Retirement Account [IRA], from distributing any funds. The Summit County Domestic Relations Court issued the restraining order on July 30, 2004. Appellant was served with the Complaint for Divorce and the ex parte orders on August 1, 2004. Edward Jones was served with a copy of the restraining order on August 4, 2004.
 {¶ 4} Appellant was formerly employed by Roadway Company, aka the Caliber Company (T. at 32). In 1998 Appellant rolled over funds ($41,434.00) from a Merrill Lynch Account to an IRA administered by Edward Jones. (T. at 40). In July 1998 Appellant rolled over another $251,457.45 into the same IRA account. On July 22, 2004, Appellant withdrew $50,000.00 from this IRA account and transferred it to Attorney Rick Schnars' IOLTA account. This money was dispersed to counsel. (T. at 11; 52). On July 30, 2004, Appellant transferred $150,000.00 from his IRA account into Attorney Richard Schnars' attorney IOLTA account. (T. at 33; 47).
 {¶ 5} On August 2, 2004, Becky Slabaugh and her children, Erin Burtoft, Lauren Martin, Jeremy Bear, (hereinafter collectively "Appellees") filed suit against Appellant for assault, battery, intentional infliction of emotional distress, loss of consortium, and punitive damages. On August 2, 2004, Appellees filed a Motion for Prejudgment Attachment of Appellant's property pursuant to R.C. 2715.01 et seq. On August 2, 2004 Appellant, through counsel, filed a request for a hearing pursuant to R.C. 2715.04 on Appellees' motion for prejudgment attachment. The trial court set the matter for hearing on September 3, 2004.
 {¶ 6} On August 13, 2004, Appellant filed an Answer to Appellees' Complaint. On August 18, 2004, Appellees' filed a Motion for Temporary Restraining Order. The Court issues a Temporary Restraining Order concerning Appellant's property on August 19, 2004.
 {¶ 7} On August 23, 2004 Appellant filed a Motion to Vacate Temporary Restraining Order and Deny Plaintiff's Request for Prejudgment Attachment, together with a Memorandum of Law and Exhibits. The trial court conducted an evidentiary hearing on Appellees' Motion for Temporary Restraining Order and Motion for Prejudgment Attachment on September 3, 2004. Appellees presented testimony from Appellee Erin Burtoft. Both parties submitted exhibits in support of their respective positions. On September 15, 2004 appellant submitted a post-hearing brief in support of his request that the trial court dissolve the temporary restraining order and deny the request for prejudgment attachment. On September 27, 2004 Appellees filed a response to appellant's post trial brief.
 {¶ 8} On October 21, 2004, the trial court filed a six (6) page Judgment Entry granting the Appellees Motion for Prejudgment Attachment. The trial court held that statutorily exempt IRA funds lose their exempt status when deposited in an attorney's IOLTA account. The court further found that distributions made from appellant's pension plan are not exempt from attachment pursuant to R.C. 2329.66 (A) (10) (b).
 {¶ 9} Attorney Schnars is co-counsel for Appellant in both the civil and criminal proceedings arising from Appellant's attack upon Appellee. Of the $200,000.00 deposited into the IOLTA, $50,000.00 of it was disbursed as legal fees to Appellant's counsel, and other lesser amounts were withdrawn with the permission of the lower court. To date, the majority of the remaining $150,000.00 continues to be held in the IOLTA account, with such funds having been attached pursuant to the lower court's Judgment Entry dated October 21, 2004.
 {¶ 10} On April 25, 2005, Appellant filed a Motion to Discharge Attachment pursuant to Ohio Revised Section 2715.44. The Court denied this motion by order dated April 28, 2005.
 {¶ 11} It is from the trial court's Judgment Entry of April 28, 2005 that appellant has filed the instant appeal raising the following two assignments of error:
 {¶ 12} "I. THE TRIAL COURT ERRED WHEN IT HELD THAT STATUTORILY EXEMPT IRA FUNDS LOSE THEIR EXEMPT STATUS WHEN DEPOSITED INTO AN ATTORNEY IOLTA ACCOUNT.
 {¶ 13} "II. THE TRIAL COURT ERRED WHEN IT HELD THAT STATUTORILY EXEMPT PENSION PROCEEDS LOSE THEIR EXEMPT STATUS WHEN DISBURSED."
 I. II. {¶ 14} In his two Assignments of Error, Appellant argues that the trial court wrongly decided that Appellant's property was subject to prejudgment attachment.
 {¶ 15} In his Notice of Appeal, Appellant asserts that he is appealing from the trial court's denial of his Motion to Discharge Attachment. Attached to the Notice of Appeal is a copy of the trial court's April 28, 2005 Judgment Entry denying Appellant's Motion to Discharge.
 {¶ 16} R.C. 2715.46 provides: "A party to a suit affected by an order discharging or refusing to discharge an order of attachment may appeal on questions of law to reverse, vacate, or modify it as in other cases; and the original action shall proceed to trial and judgment as though no appeal had been taken".
 {¶ 17} "[T]he appeal provided for by Section 2715.46 is one `on questions of law', the sole question to be determined upon such appeal being whether the order of attachment was `wrongfully obtained.'" Rice v. Wheeling Dollar Savings Trust Co. (1955),163 Ohio St. 606, 613, 128 N.E.2d 16, 20.
 {¶ 18} R.C. 2715.01 et seq. sets out the grounds and procedures for attachment. R.C. 2715.01(A) (10), upon which Appellee relied in this case, states: "(A) An attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds: * * * (10) That the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought . . ."
 {¶ 19} R.C. 2715.03 outlines the procedure for obtaining an order of attachment:
 {¶ 20} "A plaintiff in an action for the recovery of money, upon or at any time after the commencement of the action, may apply to the court by written motion for the attachment of property, other than personal earnings, of the defendant. The motion shall have attached to it the affidavit of the plaintiff, his agent, or attorney, which shall set forth all of the following:
 {¶ 21} "(A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;
 {¶ 22} "(B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;
 {¶ 23} "(C) A description of the property sought and its approximate value, if known;
 {¶ 24} "(D) To the best of plaintiff's knowledge, the location of the property;
 {¶ 25} "(E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution.
 {¶ 26} "(F) If the property sought is in the possession of a third person, the name of the person possessing the property".
 {¶ 27} As the Ohio Supreme Court has noted: "Thus, a plaintiff in a civil action for the recovery of money, at or after its commencement and before judgment, is provided by law with two methods of bringing property belonging to the defendant under the control of the court in which the action was instituted, i.e., by actual attachment or by garnishment, either of which must be based on a valid order of attachment.
 {¶ 28} "Ample provisions are made for the defendant to question the validity of the order of attachment by Section2715.44 et seq., Revised Code". Rice v. Wheeling Dollar Savings Trust Co., supra, 163 Ohio St. at 612, 128 N.E.2d 16, 19.
 {¶ 29} R.C. 2715.043 provides: "(A) Upon the filing of the motion for an order of attachment pursuant to section 2715.03 of the Revised Code, the court shall cause the matter to be set for hearing within twenty days thereafter and the defendant shall be notified in accordance with section 2715.041 of the Revised Code.
 {¶ 30} "(B) If a hearing is requested in accordance with section 2715.04 of the Revised Code or if a continuance is granted in accordance with division (B) of section 2715.042 of the Revised Code, the hearing shall be limited to a consideration of whether there is probable cause to support the motion and whether any of the property of the defendant is exempt from attachment.
 {¶ 31} "The court shall issue an order of attachment if it finds, on the basis of the affidavit and, if applicable, the evidence presented at the hearing, that there is probable cause to support the motion.
 {¶ 32} "(C) Any failure of the defendant against whom the motion for attachment was filed to oppose the motion or to refute any evidence presented by the plaintiff that filed the motion shall not constitute a waiver of any defense of the defendant or affect the defendant's right to produce evidence at subsequent hearings or at the trial of the action . . ."
 {¶ 33} In the case at bar, Appellant requested a hearing in accordance with R.C. 2715.043. The trial court conducted an evidentiary hearing. Both parties presented pre- and post hearing briefs, documents and had the opportunity to present and cross-examine witnesses. The trial court issued a written decision finding inherently that the attachment was rightfully and lawfully obtained pursuant to one of the grounds set out in R.C. 2715.01. Six months subsequent to that order, Appellant filed a Motion to Discharge the Attachment pursuant to R.C.2715.44. The subsequent Motion contained neither new grounds supporting the discharge nor evidentiary material supporting that the discharge was wrongfully obtained.
 {¶ 34} "The filing of a new motion to discharge the attachment on the same ground did not have the effect of reinvesting the court with authority to modify the order".Toledo Paper Box Co. v. Lane (1st Dist. 1935), 20 Ohio Law Abs. 334. Under the circumstances of this case, the order overruling Appellant's motion to deny said attachment having been made by the trial court and filed October 24, 2004, the Appellant had the right to have this court review the action pursuant to R.C.2715.46 by filing his appeal in this court within the time not exceeding thirty days therefrom as provided in App.R. 4. Courts generally have held that an order overruling a motion to dissolve an attachment or an order discharging an attachment is an order affecting a substantial right and is, therefore, a final order reviewable on appeal. Pilgrim Distributing Corp. v. Galsworthy,Inc., 148 Ohio St. 567, 76 N.E.2d 382; Hamilton v. Temple,60 Ohio App. 94, 19 N.E.2d 650. In the case at bar, appellant opposed the request for an order of attachment and was accorded a full evidentiary hearing. The October 24, 2004 order affects a substantial right and, therefore is a final order reviewable on appeal. Appellant cannot utilize R.C. 2715.44 to extend the time for filing an appeal from the trial court's October 24, 2004 Judgment Entry.
 {¶ 35} Analogy to a Motion for Relief from Judgment pursuant to Civ. R. 60(B) provides guidance under the facts of this particular case.
 {¶ 36} Failure to file a timely notice of appeal is jurisdictional generally subject to no exceptions in a civil case, App.R. 3 and 4(A), without such timely filing the Court of Appeals is `without jurisdiction' to entertain the appeal. (SeeState ex rel. Kotch v. DeGroh (1959), 168 Ohio St. 506, 507,156 N.E.2d 465, interpreting R.C. 2505.07, the statute governing the time period for notice of appeal before App.R. 4(A).)
 {¶ 37} The Ninth District Court of Appeals has stated: "It is clear that Civ.R. 60(B) relief is not available as a substitute for an appeal * * *. The movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from the judgment." (Citations omitted.) Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602, 632 N.E.2d 1376. Thus, when a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal. Wozniak v. Tonidandel
(1997), 121 Ohio App.3d 221, 228, 699 N.E.2d 555, 559. The court in Beechler v. Beechler (1994), 95 Ohio App.3d 121, 125,641 N.E.2d 1189, 1192, explained:
 {¶ 38} "Logically, therefore, every properly raised ground for relief from judgment necessarily involves granting relief for a reason that could not be considered in an appeal of the underlying judgment." The movant may not "reiterat[e] arguments which concern the merits of the case and which could have been raised on appeal." Justice v. Lutheran Social Serv. of Cent.Ohio, supra, at 442, 607 N.E.2d at 538. See, also, Elyria Twp.Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 602,632 N.E.2d 1376, 1378 ("The movant must allege new grounds for Civ.R. 60[B] relief; it may not use the arguments it lost under the judgment to justify relief from judgment").
 {¶ 39} Accordingly, in the case at bar, Appellant argues that the trial court erred in finding his property not exempt from attachment. As each of appellant's arguments on appeal exclusively concern findings made by the trial court on October 24, 2004 from which no appeal was filed that judgment is res judicata and the issue of whether the IRA and pension plans are exempt from attachment may not be relitigated. See, Bosco v.City of Euclid (1974), 38 Ohio App.2d 40, 311 N.E.2d 870 (Motion to vacate judgment may not be used as a substitute for a timely appeal as a means to circumvent rule establishing an appeal period of 30 days).
 {¶ 40} However, R.C. 2715.44 provides that upon the filing of a Motion to Discharge an Attachment the court shall hear the motion and issue a decision. Appellant is not precluded from asserting grounds independent from the issues decided by the trial court in its October 24, 2005 Judgment Entry for discharging the attachment. See, e.g. R.C. 2715.66(Discharge of attachment by bond, deposit in lieu of bond). We are cognizant of the fact that the trial court did not conduct a hearing before overruling appellant's motion to discharge in the case at bar. However, if appellant has grounds for discharging the attachment unrelated to the issues decided by the trial court in its October 24, 2004 Judgment Entry, appellant can utilize R.C. 2715.44 to request a hearing upon the new grounds in support discharging the attachment.
 {¶ 41} Accordingly, as Appellant simply asked the trial court to, in essence, reconsider its previous decision granting the attachment without asserting either new grounds or new evidence to support that the order was wrongfully obtained we cannot say that the trial court erred in overruling appellant's motion to discharge attachment.
 {¶ 42} For the foregoing reasons, the trial court's April 28, 2005 order overruling appellant's Motion to Discharge Attachment is affirmed.
Gwin, J., Wise, P.J., and Hoffman, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the trial court's April 28, 2005 order overruling appellant's Motion to Discharge Attachment is affirmed. Costs to appellants.