[Cite as *Semple v. 2201, Inc.*, 2013-Ohio-4311.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| NEIL SEMPLE, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2013-P-0023** |
| 2201, INC., et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2011 CV 00922.

Judgment: Appeal dismissed.

*Ellen Marie McCarthy* and *Brenda M. Johnson*, Nurenberg, Paris, Heller & McCarthy Co., LPA, 1370 Ontario Street, Suite 100, Cleveland, OH 44113-1708 (For Plaintiffs-Appellees).

*Joshua D. Nolan*, Buckingham, Doolittle & Burroughs, L.L.P., 3800 Embassy Parkway, Suite 300, Akron, OH 44333-8332; *E. John Brzytwa* and *James L. McCrystal, Jr.*, Brzytwa, Quick & McCrystal, L.L.C., 1660 W. 2nd Street, Suite 900, Cleveland, OH 44113 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} This cause came to be heard on appellees' motion to dismiss the within appeal for lack of a final, appealable order; appellants' brief in opposition; and appellees' reply brief. Also before the court are appellants' motions to consolidate and to strike.

{¶2} Section 3(B)(2), Article IV of the Ohio Constitution provides that this court has such jurisdiction as may be provided by law to review and affirm, modify, or reverse

judgments or final orders of inferior courts within our district. The laws enacted by the general assembly pertinent to this appeal are R.C. 2505.02 and R.C. 2715.46. If neither of these sections establishes that the order appealed from is final, this court is without jurisdiction to hear the within appeal.

{¶3} The order appealed from, as indicated by appellants, is an order issued by the trial court, dated March 21, 2013. That order is very limited in scope. It merely determined who would hold funds that were previously made the subject of a prejudgment attachment by the magistrate's decision, dated January 29, 2013. At the time of the court's March 21, 2013 order, objections to that magistrate's decision were pending. Following a hearing, the trial court overruled the objections and adopted the magistrate's decision in an order dated July 25, 2013. That order is now the subject of a second appeal, 11th Dist. No. 2013-P-0068, which is also pending in this court. Appellants have filed a motion to consolidate the within case with this new appeal and a motion to strike information contained in appellees' reply brief concerning their motion to dismiss. However, if this court is without jurisdiction to hear the within appeal, it must be dismissed, rendering appellants' motion to consolidate and motion to strike moot.

{¶4} In addition to the trial court's March 21, 2013 order, appellants contend they are appealing the magistrate's decisions of March 8, 2012, and January 29, 2013; however, those decisions are the subject of objections and the trial court's order of July 25, 2013, and thus are not final and appealable.

{¶5} First, appellants argue that the March 21, 2013 order is final and appealable because it affects a substantial right and was made in a special proceeding. R.C. 2505.02(B) provides:

2

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(2) An order that affects a substantial right made in a special proceeding * * *.

{¶6} Further, R.C. 2505.02(A)(1) provides: "'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

{¶7} In addition, R.C. 2505.02(A)(2) provides: "'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."

{¶8} Thus, the issue presented is whether the trial court's March 21, 2013 order was final and appealable pursuant to R.C. 2505.02(B)(2), i.e., an order that affects a substantial right made in a special proceeding. Under this definition, this court must first determine whether the order was entered in a special proceeding. It has been held that an "attachment is a special proceeding ancillary to the action, but so independent of it that an order in the attachment proceeding may, when final, be the subject of [an appeal] during the pendency of the action." *Hamilton v. Temple*, 60 Ohio App. 94, 97 (1st Dist.1938). Thus, the trial court's March 21, 2013 order was entered in a special proceeding.

{¶9} However, even if the special-proceeding requirement was satisfied, the March 21, 2013 order must also affect a substantial right to be a final order. In determining whether an order affected a substantial right for purposes of R.C. 2505.02(B)(2), the Tenth District in *Kelm v. Kelm*, 93 Ohio App.3d 686 (10th Dist.1994) stated, "[a]n order affects a substantial right [in a special proceeding] only if, in the

3

absence of an immediate appeal, it forecloses appropriate relief in the future * * * or prejudices one of the parties involved." *Id.* at 691.

{¶10} In *Kelm*, the appellate court stated that, because the order appealed concerned only temporary spousal and child support, any alleged errors in the underlying proceedings could be remedied without prejudice to the plaintiff when a final support award was rendered. *Id.* Likewise here, the trial court's order was temporary in nature, and any alleged errors committed by the magistrate in entering his decision regarding the attachment could be remedied without prejudice to appellants when the trial court ruled on appellants' objections to the magistrate's decision. Thus, the court's March 21, 2013 order is not a final order under R.C. 2505.02(B)(2).

{¶11} Further, R.C. 2505.02(A)(3) includes attachment as a "provisional remedy" for purposes of R.C. 2505.02(B)(4)(a), which provides that an order is a final order when it grants or denies a provisional remedy and the order determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appellant with respect to the provisional remedy. However, even if the attachment proceedings here are considered a provisional remedy, the court's March 21, 2013 order did not grant or deny the attachment. Nor did the order determine the action with respect to the attachment and prevent a judgment in favor of appellants with respect to the attachment. Thus, the March 21, 2013 order would not be a final order under R.C. 2505.02(B)(4)(a).

{¶12} Here, the trial court's March 21, 2013 order merely established who would hold the funds that were subject to attachment pending the trial court's ruling on appellants' objections. Clearly, the court was concerned whether the law firm, which had previously held the funds, improperly withdrew a portion thereof. The court's order

4

directed that part of the funds, which were already the subject of the magistrate's January 29, 2013 decision, were to be held by the clerk of courts, instead of the law firm, until the trial court resolved appellants' objections to the magistrate's decision. The court's judgment was therefore intended merely to preserve the status quo pending the court's final decision on the attachment. The judgment was thus intended to be temporary and interlocutory. Consequently, all issues raised in this appeal can be asserted in the subsequent appeal, i.e., 11th Dist. No. 2013-P-0068, without prejudice to appellants' rights.

{¶13} In nearly identical circumstances, in *John H. Spencer, Inc. v. Baker & Hostetler*, 38 Ohio App.3d 117 (1st Dist.1987), the trial court entered an order directing that the proceeds of a letter of credit be deposited in the defendant bank until further order of the court. The appellant argued the order constituted a prejudgment attachment. However, the First District found the order to be different from an order of attachment, which is issued by the court and delivered to a sheriff directing him to attach the property of a defendant. *Id.* at 118. The court stated the order did not determine the parties' respective rights to the funds, and no prejudice resulted from requiring that the funds be held by one party rather than another. *Id.* Moreover, the court held the proceeds were subject to the further orders of the court, and thus the action had not been determined. *Id.*

{¶14} In addition, appellants argue that the order is final and appealable based on R.C. 2715.46. That section provides:

{¶15} "A party to a suit affected by an order discharging or refusing to discharge an order of attachment may appeal on questions of law to reverse, vacate, or modify it

5

as in other cases; and the original action shall proceed to trial and judgment as though no appeal had been taken."

{¶16} While objections to the magistrate's decision were pending as of March 21, 2013, there were no court orders providing for the attachment of the subject funds. On March 21, 2013, the trial court issued an order, which required the deposit of $169,045.70 with the Portage County Clerk of Courts until further order of the court. This left a balance of $30,954.70 in the law firm's IOLTA account. The court's order was, therefore, not an order that "discharged or refused to discharge" an order of attachment. It simply ordered that the funds be held. Further, there was no request by either party for the funds to be discharged. While the law firm had motions pending for the discharge of a portion of the money held, the order of March 21, 2013, did not authorize release of any of the balance. To the contrary, it merely ordered the law firm to hold and sequester the remaining funds in the law firm's IOLTA account. Thus, the trial court's March 21, 2013 judgment was not a final and appealable order pursuant to R.C. 2715.46.

{¶17} Based on the foregoing analysis, the trial court's March 21, 2013 judgment entry was not a final, appealable order, and the instant appeal is dismissed for want of such an order.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6