[Cite as *Thompson v. Summit Pain Specialists, Inc.*, 2016-Ohio-7030.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JERADINE THOMPSON, et al.

    Appellants

    v.

SUMMIT PAIN SPECIALISTS, INC., et al.

    Appellees

C.A. Nos.    27635
             27638

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013 05 2353

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

CARR, Judge.

{¶1} Appellants James Bressi, D.O., and Annette Consentino-Bressi appeal the judgment of the Summit County Court of Common Pleas that ordered the release of bond money deposited on behalf of Dr. Bressi in his criminal case, and denied Dr. Bressi's motions for relief from judgment and to discharge the prejudgment attachment. Dr. Bressi appealed and raises four assignments of error. Ms. Annette Consentino-Bressi raises one assignment of error. As some assignments of error are untimely or proffered by a non-party below, this Court is precluded from considering those portions of the appeals; and they are dismissed to that extent. Where Dr. Bressi raises timely issues which this Court may properly review, we affirm the trial court's judgment.

I.

{¶2} Bressi was a practicing physician and part-owner of Summit Pain Specialists, Inc., where he used techniques including osteopathic manipulative therapy to alleviate patients' pain.

Bressi was indicted on 27 criminal charges including rape, gross sexual imposition, and sexual imposition based on allegations of improper touching in the workplace. In addition, dozens of patients and some employees ultimately filed a series of complaints against Bressi alleging multiple personal injury claims arising out of Bressi's alleged non-consensual touching during treatments, as well as claims for fraudulent transfer of property or assets. The civil complaint underlying this appeal has been amended multiple times and included claims by eight plaintiffs at the time the trial court issued the December 1, 2014 order from which appellants appeal.

{¶3} Shortly after the plaintiffs filed their initial complaint, they filed a motion for an emergency order of attachment without notice or hearing. Bressi opposed the motion, and the parties filed multiple supplemental briefs in support of their respective positions. The trial court held a hearing on the issue and permitted the parties to file post-hearing supplemental briefs. On February 21, 2014, the trial court granted the plaintiffs' motion for a prejudgment order of attachment as it related to Bressi's property. The order encompassed a $100,000.00 cash bond held by the Summit County Clerk of Courts relative to Bressi's criminal case that the court ordered be released to the plaintiffs' attorney for retention in his IOLTA account at the termination of the criminal case. Bressi did not appeal the order of attachment.

{¶4} In his criminal case, Bressi was ultimately found guilty of one count of sexual imposition and acquitted of the remaining 26 sexually oriented offense counts. The attorney who represented him in the criminal case (the "criminal attorney") filed a motion in the civil case to release the bond money based on a bond assignment executed by Bressi and his wife. The plaintiffs opposed that motion, arguing that the bond money was subject to the order of attachment and was to be released to the plaintiffs' counsel. The trial court declined to rule on the criminal attorney's motion, noting that there were two mechanisms to overturn an order of

attachment, specifically, a Civ.R. 60(B) motion for relief from judgment, and a motion to discharge the attachment, and that neither of which had been filed in the civil case. Shortly thereafter, the criminal attorney filed a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion to discharge pursuant to R.C. 2715.44 on behalf of Bressi. In the Civ.R. 60(B) motion, Bressi argued that the order of attachment should be vacated pursuant to subsections (4) and (5), because it was no longer equitable that the order have prospective application. He did not argue for relief from judgment pursuant to Civ.R. 60(B)(2) on the basis of newly discovered evidence. In support of the discharge of the order pursuant to R.C. 2715.44, Bressi argued that the monies used to post his $100,000.00 bond belonged solely to his wife or were borrowed from his brother. The plaintiffs filed a brief in opposition to the motions.

{¶5} The trial court held a hearing on Bressi's motions for relief from judgment and to discharge the order of attachment on September 17, 2014. The same day, it issued an order permitting the release of certain funds in Bressi's IRA account to pay the criminal attorney for his representation of Bressi in the criminal matter. Subsequently, one of two attorneys who represented Bressi in the civil case (the "civil attorney"), filed on behalf of Bressi a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion to discharge, both relevant to the February 21, 2014 order of attachment. In addition to subsections (4) and (5), Bressi premised this motion for relief from judgment on Civ.R. 60(B)(2) as well, arguing that his acquittal on 26 of 27 criminal charges constituted new evidence. In addition, he argued that discharge of the order was appropriate because there was no evidence that the 62 plaintiffs in all the civil cases pending against Bressi were likely to obtain judgment against him given that he had been acquitted of all but one criminal charge.

{¶6} The plaintiffs opposed Bressi's second set of motions both on the merits, as well as arguing that the trial court had already heard the identical motions filed by the criminal attorney. The civil attorney replied, stating that he had not received notice of the September 17, 2014 hearing. He further argued that, given Bressi's acquittals, the witnesses who testified in support of the order of attachment lacked credibility.

{¶7} On December 1, 2014, the trial court issued an order ruling on the motions for relief from judgment and to discharge the order of attachment. It noted that it had conducted a hearing on the first set of motions, that all counsel for Bressi were in attendance, and that it heard the testimony of one of Bressi's former patients who did not testify at his criminal trial. The trial court refused to hold a separate hearing on the second motion for relief from judgment, explaining that no hearing was required in the absence of operative facts demonstrating that relief was warranted. Specifically, the court reasoned that, given the stark difference in the burdens of proof and elements of charges/claims between criminal and civil actions, the fact of Bressi's acquittal on 26 of 27 charges did not constitute newly discovered evidence tending to demonstrate that the plaintiffs were not likely to prevail in their civil claims, thereby negating any basis for the order of attachment.

{¶8} Bressi and Ms. Consentino-Bressi each filed notices of appeal from the December 1, 2014 order. This Court consolidates some assignments of error to facilitate discussion.

II.

**JAMES BRESSI'S ASSIGNMENT OF ERROR I**

THE TRIAL COURT VIOLATED SUMMIT COUNTY LOCAL RULE 23.02, R.C. [ ] 2937.40 AND 2937.41 BY ORDERING BAIL DEPOSITED BY A PERSON OTHER THAN THE ACCUSED TO BE USED FOR COSTS WITH THE REMAINDER RELEASED TO SOMEONE OTHER THAN THE PERSON WHO INITIALLY DEPOSITED THE MONEY WITH THE CLERK.

## JAMES BRESSI'S ASSIGNMENT OF ERROR II

THE TRIAL COURT DID NOT HAVE JURISDICTION TO RELEASE THE BAIL MONEY DEPOSITED ON BEHALF OF DR. BRESSI IN AN UNRELATED CRIMINAL MATTER.

{¶9}    Bressi challenges the trial court's order attaching his criminal bond money and ordering its release to the plaintiffs' counsel upon termination of the criminal case and pending resolution of the civil matter.  As he is effectively challenging the trial court's February 21, 2014 order of attachment, his appeal is untimely and this Court is divested of jurisdiction to consider the merits of his arguments.

{¶10}   Ohio courts have recognized that an order for prejudgment attachment is a final, appealable order which appellate courts have jurisdiction to review.  *See, e.g., Slabaugh v. Slabaugh*, 5th Dist. Stark No. 2005-Ohio-00134, 2006-Ohio-1496, ¶ 34; *John H. Spencer, Inc. v. Baker & Hostetler*, 38 Ohio App.3d 117, 118 (1st Dist.1987); *see also William Watson & Co. v. Sullivan*, 5 Ohio St. 42, 43-44 (1855) (recognizing attachment proceedings as special proceedings affecting a substantial right).  Because Bressi here wishes to substantively challenge the terms of the February 21, 2014 order of attachment, he was required to file a timely notice of appeal pursuant to App.R. 4.  *Slabaugh* at ¶ 34.  Failing that, this Court lacks jurisdiction to consider the first and second assignments of error.

## JAMES BRESSI'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DR. BRESSI RELIEF PURSUANT TO [CIV.R.] 60(B) FROM ITS ENTRY OF PREJUDGMENT ATTACHMENT.

{¶11}   Bressi argues that the trial court erred by denying his motion for relief from judgment pursuant to Civ.R. 60(B) regarding the February 21, 2014 order of attachment.  This Court disagrees.

{¶12} "The decision to grant or deny a motion to vacate pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Kowalski v. Smith*, 9th Dist. Wayne No. 11CA0056, 2012-Ohio-2974, ¶ 9. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} Civ.R. 60(B) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶14} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶15} "The requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path*

*Community Mental Health Ctr.*, 9th Dist. Summit No. 16827, 1995 WL 217032, *2 (Apr. 12, 1995), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶16} Before a trial court can reach the merits of a motion for relief from judgment under Civ. R. 60(B), the court must determine if the motion is properly before the court. The Supreme Court of Ohio has held that a motion for relief from judgment under Civ.R. 60(B) cannot be used as a substitute for a timely appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998). This Court has recognized that "it is within the trial court's discretion to deny a motion for relief from judgment that is based entirely upon issues that could have been raised on direct appeal." *Jizco Enters., Inc. v. Hegmeyer*, 9th Dist. Summit No. 24803, 2010-Ohio-349, ¶ 9. If the grounds for a party's relief cannot satisfy the Civ.R. 60(B) language, "the argument is one properly reserved for a direct appeal." *Teamsters Local Union No. 507 v. Nasco Industries, Inc.* 9th Dist. Medina No. 3064-M, 2000 WL 1729481, *2 (Nov. 22, 2000).

{¶17} This Court recognized above that an order of attachment is a final, appealable order from which a party may appeal. "The movant must allege new grounds for Civ.R.60(B) relief; it may not use the arguments it lost under the judgment to justify relief from that judgment." *Elyria Twp. Bd. of Trustees v. Kerstetter*, 91 Ohio App.3d 599, 602 (9th Dist.1993), citing *State ex rel. Elyria v. Trubey*, 24 Ohio App.3d 44, 48 (9th Dist.1983).

{¶18} In this case, Bressi argues that he has a meritorious defense solely because he denies the allegations in the plaintiffs' complaint. However, "[m]ere general denials in an answer do not allege a meritorious defense for Civ.R. 60(B) purposes[.]" *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. Franklin No. 01AP-465, 2002-Ohio-3084, ¶ 20.

{¶19} As for grounds, Bressi argues that the trial court erred by failing to grant his motion for relief from the February 21, 2014 attachment order pursuant to Civ.R. 60(B)(2) and

(4), with both arguments premised on new evidence. Specifically, Bressi argues that his acquittals on 26 of 27 criminal charges constitute new evidence demonstrating that the plaintiffs are no longer likely to prevail on their civil claims based on the same underlying facts. Moreover, Bressi argues that it is no longer equitable, because of his criminal acquittals, that the attachment order have prospective application.[1]

{¶20} This Court agrees with the trial court's conclusion that Bressi's acquittals do not constitute new evidence which render the attachment order inequitable pursuant to either Civ.R. 60(B)(2) or (4). Both the burden of proof in criminal and civil cases, as well as the different elements of the criminal charges and civil claims, render Bressi's criminal acquittals no more predictive of the likelihood of the plaintiffs' success on the merits of their civil claims than if Bressi's criminal charges remained pending or were never brought at all. Accordingly, Bressi failed to cite to new evidence to support grounds for relief pursuant to Civ.R. 60(B). In the absence of grounds pursuant to Civ.R. 60(B), Bressi was required to challenge the order of attachment via direct appeal if he believed it was otherwise improvidently issued. *See Teamsters Local Union No. 507*, 2000 WL 1729481, at *2. He was not entitled to use Civ.R. 60(B) as a substitute for appeal, however. *Slabaugh* at ¶ 37-38. Bressi's third assignment of error is overruled.

## JAMES BRESSI'S ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DR. BRESSI'S MOTION TO DISCHARGE THE ORDER OF PREJUDGMENT ATTACHMENT.

---

[1] Bressi also made a brief, vague argument regarding how the attachment order is being applied, presumably by entities in possession of his assets. The application of an attachment order, however, would have no bearing on the likelihood of whether the plaintiffs will prevail in the underlying case.

{¶21} Bressi argues that the trial court erred by denying his motion to discharge the order of prejudgment attachment. This Court disagrees.

{¶22} R.C. 2715.46 grants jurisdiction to this Court to consider the merits of this assignment of error. That provision states: "A party to a suit affected by an order discharging or refusing to discharge an order of attachment may appeal on questions of law to reverse, vacate, or modify it as in other cases; and the original action shall proceed to trial and judgment as though no appeal had been taken." The Ohio Supreme Court has recognized that "the appeal provided for by Section 2715.46 is one 'on questions of law', the sole question to be determined upon such appeal being whether the order of attachment was 'wrongfully obtained.'" *Rice v. Wheeling Dollar Sav. & Trust Co.*, 163 Ohio St. 606, 613-614 (1955).

{¶23} R.C. 2715.44 provides: "Before judgment, upon reasonable notice to the plaintiff, the defendant may move to discharge an attachment as to the whole or any of the property attached. The motion shall promptly be heard and decided by the court." As an evidentiary matter, R.C. 2715.45 provides: "When, on the part of the defendant, a motion to discharge an attachment is made on affidavits or papers and evidence in the case, but not otherwise, the plaintiff may oppose it by affidavits or other evidence, in addition to that on which the order of attachment was made."

{¶24} R.C. 2715.01(A) lists the grounds upon which a trial court may find that an order of attachment is proper. The trial court shall issue an attachment order upon finding that the evidence submitted via affidavit and/or at a hearing establishes probable cause to support the motion. R.C. 2715.043(B). The chapter defines "probable cause to support the motion" to mean that "it is likely that a plaintiff who files a motion for attachment pursuant to [R.C. 2715.03] will obtain judgment against the defendant against whom the motion was filed that entitles the

plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion." R.C. 2715.011(A).

{¶25} The trial court issued its order of attachment relevant to Bressi upon finding grounds pursuant to R.C. 2715.01(A)(10) which states that "the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought[.]" The court premised that finding upon the testimony of (1) a former patient of Bressi who described how she awoke from anesthesia after a treatment to find that her hand had been placed on Bressi's erect penis, and (2) a former Summit Pain Management employee who witnessed Bressi's holding multiple patients' hands near his groin area during treatment. As an additional, independent basis for issuing the attachment order, the trial court noted that the Summit County Grand Jury had found probable cause to indict Bressi on 27 counts, including rape, gross sexual imposition, and sexual imposition.

{¶26} In denying the motion to discharge, the trial court relied in part on the testimony at a hearing on the motion of another patient who described her experience wherein Bressi placed her hand on his penis while treating her. According to the trial court, that patient-witness did not testify at Bressi's criminal trial.

{¶27} In support of his initial motion to discharge, Bressi submitted the affidavit of his wife in which she averred that she posted her husband's bond using money from a bank account in her sole name, as well as money loaned by her brother-in-law. At the hearing on the ownership of certain assets, only Bressi's wife testified. She testified that she posted her husband's $100,000.00 bond using both borrowed money ($42,000.00) and money in a checking account in her sole name ($58,000.00). However, she admitted that the money in her checking

account is routinely used to pay all the family's bills. She admitted that "[my husband's] name is not on it, but, I mean, I pay all the bills, so I pay his bills and my bills."

{¶28} This argument merely challenged the nature of the property attached, rather than whether the attachment was "wrongfully obtained" in that there was no probable cause to support one of the grounds for attachment enumerated in R.C. 2715.01(A). To the extent that Bressi argues on appeal that the order must be discharged because it attaches property that is exempt or otherwise not subject to attachment, he was obligated to raise that issue on appeal from the February 21, 2014 order of attachment. He failed to timely appeal that order, and this Court is precluded from considering that issue at this time.

{¶29} In his second motion to discharge, which the trial court apparently considered as a supplement to the first, Bressi argued that there were no longer grounds pursuant to R.C. 2715.01(A)(10) to demonstrate that the plaintiffs were likely to obtain a judgment against Bressi. Specifically, Bressi argued that his acquittals negated probable cause, i.e., making it unlikely that the plaintiffs would obtain a civil judgment against him, because the acquittals rendered any witness' testimony at the hearing on the motion for prejudgment attachment incredible.

{¶30} On appeal, Bressi argues that the evidence adduced at the hearing on the plaintiffs' motion for an order of attachment was not credible. Again, Bressi is barred from raising this type of challenge as he should have timely appealed the February 21, 2014 attachment order if he believed the order was against the manifest weight of the evidence.

{¶31} Moreover, to the extent that Bressi argues that the trial court should not have relied on the testimony of the patient who testified at the hearing on his motion to discharge, we note that he has not provided this Court with a transcript of that hearing. It is the duty of the

appellant to provide this Court with the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). We have repeatedly stated:

> When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has no choice but to presume the validity of the [trial] court's proceedings, and affirm.

(Internal quotations omitted.) *Diehl v. Frost Tile & Marble, Inc.*, 9th Dist. Summit No. 22700, 2005-Ohio-6456, ¶ 5, quoting *Cuyahoga Falls v. James*, 9th Dist. Summit No. 21119, 2003-Ohio-531, ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In the absence of a transcript, we must presume regularity because this Court is unable to assess the credibility of the witness or verify Bressi's assertions that his attorney had not received notice of the hearing and did not attend.

{¶32} Finally, Bressi also alleges that, given his acquittal on 26 of 27 criminal charges, the Grand Jury's finding of probable cause can no longer substantiate grounds for the order of attachment pursuant to R.C. 2715.01(A)(10). We need not address this argument, because we affirm on the alternate basis asserted by the trial court relative to the testimony of the patient-witness at the hearing on the motion to discharge. *See In re Election Contest of Democratic Primary Held May 4, 1999 for Nomination to the Office of Clerk, Youngstown Mun. Court*, 88 Ohio St.3d 258, 267, fn. 3 (2000).

{¶33} Bressi's fourth assignment of error is overruled.

### **ANNETTE CONSENTINO-BRESSI'S ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED GRANTING PREJUDGMENT ATTACHMENT OF ASSETS BELONGING TO ANNETTE CONSENTINO-BRESSI. THE TRIAL COURT HAD NO JURISDICTION TO SEIZE HER ASSETS AND ORDER THEM HELD BY PLAINTIFF'S COUNSEL UNTIL THE CONCLUSION OF THE CIVIL CASES AGAINST DEFENDANT JAMES P. BRESSI AND SUMMIT PAIN SPECIALISTS ET. AL.

{¶34} Ms. Consentino-Bressi argues that the trial court erred by ordering, in the civil case against her husband, prejudgment attachment of assets that belonged to her. Because Ms. Consentino-Bressi lacks standing to appeal the trial court's judgment, this Court dismisses her appeal.

{¶35} App.R. 4(A)(1) provides the time in which a party may appeal from a trial court's judgment. Ms. Consentino-Bressi admits that she was not a party to the underlying action at the time the trial court issued the judgment from which she attempts to appeal. Moreover, she did not file a motion to intervene in the underlying action pursuant to Civ.R. 24(A) wherein she might have claimed an interest relating to the subject property. Finally, the trial court in its December 1, 2014 order merely granted leave to the plaintiffs to file a fifth amended complaint in which they would name Ms. Consentino-Bressi as a defendant for the first time. She, therefore, was not yet a party when the trial court issued its order on Bressi's motions for relief from judgment and to discharge the order of attachment. As Ms. Consentino-Bressi was not a party to the underlying action, she has no standing to challenge the trial court's order of attachment. Accordingly, this Court must dismiss her appeal. *See In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915; *see also In re Stanley*, 9th Dist. Summit Nos. 20128, 20131, 20132, 2000 WL 1507917, *3 (Oct. 11, 2000) ("Unless a person is a party in the lower court case, the individual has no standing to appeal.").

III.

{¶36} This Court lacks jurisdiction to address the merits of Bressi's first and second assignments of error. His third and fourth assignments of error are overruled. In regard to appellate case number 27635, the judgment of the Summit County Court of Common Pleas is

affirmed. Ms. Consentino-Bressi lacks standing to appeal in this case. In regard to appellate case number 27638, this Court dismisses the appeal.

Judgment in case number 27635 affirmed;
and appeal in case number 27638 dismissed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P.J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL OCKERMAN and EMILY R. YODER, Attorneys at Law, for Appellant.

JOHN R. IRWIN, Attorney at Law, for Appellant.

SCOTT RILLEY, Attorney at Law, for Appellant.

JENNIFER L. HAMEY and DAVID C. PERDUK, Attorneys at Law, for Appellees.

LAWRENCE J. SCANLON and MICHAEL ELLIOTT, Attorneys at Law, for Appellees.